GIBBS LAW GROUP LLP
Eric H. Gibbs (SBN 178658)
Dylan Hughes (SBN 209113)
Aaron Blumenthal (SBN 310605)
504 14th Street, Ste. 1110
Oakland, CA  94612
Telephone:  510-350-9700
Facsimile:  510-350-9701

COHEN MILSTEIN SELLERS & TOLL PLLC
Andrew N. Friedman (*Pro Hac Vice forthcoming*)
Geoffrey Graber (SBN 211547)
Eric Kafka (*Pro Hac Vice*)
1100 New York Ave. NW., Fifth Floor
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

*Attorneys for Plaintiffs* QUIRKY, INC. and WINK, INC.

[Additional Counsel on Signature Page]

EGLET PRINCE
ROBERT T. EGLET (*Pro Hac Vice*)
ROBERT M. ADAMS (*Pro Hac Vice*)
ERICA D. ENTSMINGER(*Pro Hac Vice*)
ARTEMUS W. HAM (*Pro Hac Vice*)
400 South Seventh Street, Ste. 400
Las Vegas, NV  89101
Telephone: (702) 450-5400
Facsimile:  (702) 450-5451

*Attorneys for Plaintiffs* TOM LETIZIA et al.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM LETIZIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FACEBOOK, INC.,<br><br>　　　　Defendant. | Lead Case No. 3:16-cv-6232-TEH<br>Consolidated Case Nos:  3:16-cv-6232-TEH<br>　　　　　　　　　　　　　3:17-cv-0233-TEH<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Hearing Date:　April 17, 2017<br>Time:　　　　　10:00 a.m.<br>Department:　　Courtroom 2, 17th Floor |
| QUIRKY, INC., et al.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>FACEBOOK, INC.,<br><br>　　　　Defendant. | |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT on April 17, 2017 at 10:00 a.m., or as soon thereafter as this matter may be heard, Plaintiffs will appear through counsel before the Honorable Thelton E. Henderson in Courtroom 2, 17th Floor of the United States District Court for the Northern District of California, San Francisco Division, located at the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

At that time, Plaintiffs will move the Court for an order to appoint Eric H. Gibbs (Gibbs Law Group LLP), Andrew N. Friedman (Cohen Milstein Sellers & Toll PLLC), and Robert T. Eglet (Eglet Prince) as interim class counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The consolidated class action now before the Court figures to be a complex, hard-fought, and potentially lengthy dispute against one of the richest companies in the world. It involves Defendant Facebook's video advertising metrics, which were allegedly misreported for over two years—creating the impression that Facebook advertising was more effective than it really was, and leading advertisers to spend millions more on Facebook advertising than they otherwise would have.

A case of this magnitude and complexity will require a heavy expenditure of resources. To be most effective, those resources must be deployed well before class certification is heard, and counsel for the class formally appointed. Plaintiffs accordingly request that the Court appoint three attorneys to serve as interim class counsel pursuant to Rule 23(g)(3): Eric Gibbs of Gibbs Law Group, Andrew Friedman of Cohen Milstein, and Robert Eglet of Eglet Prince. These attorneys meet all the requirements to adequately represent the class, and as discussed in greater detail below, their appointment would have several benefits for the class, the Court, and even for Facebook.

## II. BACKGROUND

This consolidated proceeding consists of two putative class actions: *Letizia, et al. v. Facebook* and *Quirky, et al. v. Facebook*. Each case alleged that Facebook improperly measured the level of viewer engagement that it reported to video advertisers. (*See Letizia* Am. Compl. [ECF No. 8], ¶¶ 31-40; *Quirky* Am. Compl. [ECF No. 16], ¶¶ 1-2.) Each case was brought on behalf of video advertisers who overpaid for Facebook ads as a result of Facebook's erroneous metrics. (*Letizia* Am. Compl., ¶ 41; *Quirky* Am. Compl., ¶ 38.) And each case proposed that the court appoint class counsel to represent video advertisers: *Letizia* asked the Court to appoint Eglet Prince and Rueb & Motta as class counsel, while *Quirky* asked the Court to appoint Cohen Milstein and Gibbs Law Group as class counsel. (*Letizia* Am. Compl., Prayer, ¶ D; *Quirky* Am. Compl., Prayer, ¶ A.)

Conflicts between the two sets of plaintiffs and attorneys surfaced early. The *Letizia* plaintiffs moved to intervene into, and dismiss, the *Quirky* case; they also opposed the *Quirky* plaintiffs' administrative motion to relate the two cases. (*Quirky* ECF Nos. 10, 10-5; *Letizia* ECF No. 27.) The *Letizia* team was concerned that the *Quirky* case would unnecessarily complicate or delay their class claims, and wanted authority to act for the class. The *Quirky* team believed they could offer the class the highest level of representation. They were prepared to oppose all efforts to dismiss their case and to seek appointment as lead class counsel for Facebook video advertisers.

While the various motions were pending, defense counsel set up an all-party conference call to discuss the possibility of consolidating the competing cases. Ultimately, the parties stipulated to consolidation and the *Letizia* plaintiffs withdrew their intervention motion and opposition to relating the two cases. (*Letizia* ECF Nos. 28, 31; *Quirky* ECF No. 29.) Counsel for the *Letizia* and *Quirky* plaintiffs agreed to work together on the consolidated complaint, which was filed on March 6, 2017. (ECF No. 34.) They also agreed to seek appointment of Eric Gibbs, Andrew Friedman, and Robert Eglet as interim class counsel, which would provide a formal structure under which the respective firms would cooperate to represent the putative class.

### III. ISSUE PRESENTED

Should the Court appoint Eric Gibbs of Gibbs Law Group; Andrew Friedman of Cohen Milstein Sellers & Toll; and Robert Eglet of Eglet Prince to serve as interim class counsel pursuant to Rule 23(g)(3).

### IV. ARGUMENT

#### A. Formally Appointing Interim Class Counsel Has Many Benefits

Rule 23(g)(3) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The benefits of designating interim class counsel are many. Class members benefit because they receive formal representation during a crucial time in the litigation. In order to best position a class case for success, it has become increasingly important that complicated and time-consuming e-discovery, expensive expert reports, and extensive motion practice take place well before class certification is decided. Without an interim appointment, plaintiffs' attorneys may be hesitant to front-load the case, delaying some of the costlier aspects until after class certification is decided. The presence of multiple plaintiffs' attorneys in the case can exacerbate the problem, leading to uncertainty over who should be spending their time and money on the case, and reluctance of individual firms to commit resources toward long-term strategy that may prove fruitless if another firm is later appointed to lead the case.

The Court benefits from an interim appointment as well. An interim appointment avoids future conflicts over case leadership, which can both delay the case and require the Court to intervene. It also tends to lead to higher quality work product for the Court's review, particularly at the class certification stage. More work is done earlier when counsel is formally empowered to lead the case, and attorneys who have spent the time and money to develop class members' case generally present clearer and more effective arguments. When multiple plaintiffs' firms are involved, an interim appointment also ensures that the Court does not receive multiple filings or communications, and obligates those firms to monitor each other's time records to avoid duplicative or excessive billing.

Even the defendant benefits from an interim appointment. It gains certainty that the

appointed leadership is authorized to engage in long-term case management, discovery, and settlement discussions.  There is less risk that different counsel will take over the case after class certification, rendering prior agreements ineffective and subjecting defendant to heightened discovery costs.  In cases with multiple plaintiffs' firms, an interim appointment also obviates the need for defense counsel to obtain a separate agreement from each firm.  And because a formal leadership structure allows plaintiffs' counsel to operate efficiently, and requires leadership to monitor each other's time records, the defendant is likely to face a lower fee request if the class ultimately prevails.

In light of the many benefits offered by appointment of interim class counsel, it has become increasingly common for the parties to seek such an appointment, and for courts to grant their requests.  *See, e.g., Corcoran v. CVS Health Corp.,* 169 F. Supp. 3d 970, 994 (N.D. Cal. 2016) (granting unopposed motion for good cause shown); *Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 4932292, at *8 (N.D. Cal. Aug. 18, 2015) ("plaintiffs have pointed to several cases in which courts have appointed interim class counsel in the absence of other class suits").  Appointment of interim class counsel would be particularly beneficial here, as it will avoid a conflict between two sets of plaintiffs' counsel and provide a formal structure by which two otherwise-competing lawsuits will be advanced.  It will provide authority for counsel to hire experts on behalf of the class, and enter into long-term case management, discovery, and settlement discussions with defense counsel.  It will also require counsel to collect and review time records on a regular basis, which will ensure that all plaintiffs' firms are working efficiently and avoiding duplicative or unnecessary efforts.  (*See* Proposed Order.)

  **B.**  **The Attorneys Proposed For Interim Class Counsel Are Each Adequate Under Rule 23(g)**

When, as here, plaintiffs have conferred amongst themselves and agreed on leadership, the Court need not choose from competing applicants, but still must ensure the proposed leadership is adequate. Fed. R. Civ. P. 23(g)(2); Manual for Complex Lit. § 21.272 (4th ed.).  The factors to be considered are:

  (i)  the work counsel has done in identifying or investigating potential claims in the action;

      (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

      (iii)    counsel's knowledge of the applicable law; and

      (iv)    the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *Gallagher*, 2015 WL 4932292 at *7. Messrs. Gibbs, Friedman, and Eglet are well-qualified under each factor:

### 1. Work Done Identifying and Investigating the Class's Claims

Over the past several months, Gibbs Law Group, Cohen Milstein, and Eglet Prince have each done significant work investigating and pleading the claims asserted in this action. (*See* Gibbs Decl., ¶¶ 2-3, Friedman Decl., ¶¶ 2-3, Eglet Decl., ¶¶ 2-3.) Eglet Prince filed the *Letizia* case in October 2016, after interviewing numerous Facebook video advertisers, reviewing Facebook's public disclosures and history of promoting advertising metrics, and speaking with various industry resources. (Eglet Decl., ¶ 2.) Gibbs Law Group and Cohen Milstein filed the *Quirky* action, after having conducted a similar factual investigation, and worked together to develop the additional legal theories of recovery that were pled in that case. (Gibbs Decl., ¶ 3; Friedman Decl., ¶ 3.) The three firms have since worked together, and with defense counsel, to coordinate the *Letizia* and *Quirky* actions, and to prepare the recently-filed consolidated complaint.

### 2. Experience Handling Class Actions and Other Complex Litigation

Messrs. Gibbs, Friedman, and Eglet each have decades of experience prosecuting class actions and other complex litigation. Examples of their past successes on behalf of consumer classes are provided in their accompanying declarations. (Gibbs Decl., ¶ 4; Friedman Decl., ¶ 4; Eglet Decl., ¶ 4.) Highlights include:

- *In re Chase Check Loans Litigation*, MDL 2032 (N.D. Cal.), where Mr. Gibbs worked as part of a 6-firm Executive Committee to certify a nationwide class using an innovative contract theory and negotiate a $100 million settlement for consumers whose minimum monthly payments were changed by Chase.

- *Skold v. Intel Corp.*, No. 1-05-CV-03231 (Cal. Super. Ct., Santa Clara Cnty.), where Mr. Gibbs represented Intel consumers through a decade of hard-fought litigation,

ultimately certifying a nationwide class under an innovative "price inflation" theory and negotiating a settlement that provided refunds and $4 million in cy pres donations.

- *Snyder v. Nationwide Mutual Insurance Com.* (Sup. Ct., Onondaga Cnty., N.Y.), where Mr. Friedman was one of the principal counsel in a class action brought on behalf of insurance policyholders alleging a scheme related to "vanishing premiums" that resulted in a settlement valued at between $85 million and $103 million.

- *Baird v. Thomson Consumer Electronics*, (Madison Cnty., Ill.), where Mr. Friedman was one of two co-lead counsel in a class action against Thomson Consumer Electronics, which resulted in a court-approved agreement that made up to $100 million available for persons who paid for unreimbursed repairs to television.

- *Basich, et al v. Xerox State Healthcare, LLC, et al.,* Case No. A698567, where Mr. Eglet represented 68,000 class members who applied for qualified insurance plans through the Nevada Exchange implemented as part of the Patient Protection and Affordable Care Act.

- *Young v. Olympus America Inc., et al.,* BC573399 and Consolidated and Related Cases, where Mr. Eglet currently represents certain plaintiffs in complex litigation proceedings against the manufacturer of certain duodenscopes, and others, involving Plaintiffs infected with the CRE "superbug" virus from contaminated duodenoscopes.

### 3. Knowledge of the Applicable Law

Class members' case against Facebook involves California consumer protection law, contract law, and unjust enrichment law, and will of course also involve a heavy dose of class action jurisprudence. Messrs. Gibbs, Friedman, and Eglet are well-versed in these areas of the law, as illustrated by their resumes and the work done to date in this litigation. (Gibbs Decl., Ex. A; Friedman Decl., Ex. A; Eglet Decl., ¶ 4.) Their ability to wield the law effectively, even when dueling with some of the most talented and well-funded defense firms in the country, has been proven time and time again and led to numerous accolades. Mr. Gibbs was elected by his peers to the AAJ Board of Governors and Consumer Attorneys of California Board, selected for inclusion in *The Best Lawyers in America*, and honored as one of the "Top 30 Plaintiff Lawyers in California." (Gibbs Decl., ¶ 6.) Mr. Friedman has been honored as a Washington, D.C. "Super Lawyer" and is the Co-Chair of the Consumer Protection Group at Cohen Milstein, which has been selected as a "Most Feared Plaintiffs Firm" and "Elite Trial Lawyers." (Friedman Decl., ¶ 6 & Ex. A.) And Mr. Eglet, who has personally tried more than 115 jury trials and twice achieved the Largest Personal Injury Verdict in America, and has been selected as the *Trial Lawyer of the*

*Year* and *National Lawyer of the Year*, among many other honors. (Eglet Decl., ¶¶ 7-8.)

### 4. Resources Counsel Will Commit to Representing the Class

The Gibbs, Cohen Milstein, and Eglet firms all have the necessary resources to represent putative class members, and regularly deploy those resources for the benefit of consumer classes. Collectively, the three firms employ over 150 attorneys and have the financial and technical ability to prosecute a case of any size and scope. (Gibbs Decl., ¶ 7; Friedman Decl., ¶ 7; Eglet Decl., ¶ 9.)

## V. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court appoint Eric Gibbs, Andrew Friedman, and Robert Eglet to serve as interim class counsel.

DATED: March 13, 2017          Respectfully submitted,


By: /s/ Eric Gibbs

ERIC GIBBS (SBN 178658)
ehg@classlawgroup.com
DYLAN HUGHES (SBN 209113)
dsh@classlawgroup.com
AARON BLUMENTHAL (SBN 310605)
ab@classlawgroup.com
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone:    (510) 350-9700
Facsimile:     (510) 350-9701

By: /s/ Geoffrey Graber

ANDREW N. FRIEDMAN (*pro hac vice forthcoming*)
afriedman@cohenmilstein.com
GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
ERIC KAFKA (*pro hac vice*)
ekafka@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005

```
Telephone:    (202) 408-4600
Facsimile:    (202) 408-4699

MICHAEL EISENKRAFT (*pro hac vice*)
meisenkraft@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone:    (212) 838-7797
Facsimile:    (212) 838-7745

AISHA CHRISTIAN (*pro hac vice forthcoming*)
129 West 27th Street, 11th Floor
New York, NY 10001
Telephone:    (646) 285-2029

CHARLES REICHMANN (SBN 206699)
charles.reichmann@gmail.com
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone:    (415) 373-8849
```

*Attorneys for Plaintiffs Quirky, Inc., and Wink, Inc.*

```
ROBERT T. EGLET (*pro hac vice*)
ROBERT M. ADAMS (*pro hac vice*)
ERICA D. ENTSMINGER (*pro hac vice*)
ARTEMUS W. HAM (*pro hac vice*)
**EGLET PRINCE**
400 South Seventh Street, Suite 400
Las Vegs, NV  89101
Telephone:  (702) 450-5400
Facsimile:  (702) 450-5451
eservice@egletwall.com

JOSEPH A. MOTTA (SBN 133531)
**RUEB & MOTTA**
1401 Willow Pass Road, Suite 880
Concord, CA 94520
Telephone:  (925) 602-3400
Facsimile:   (925) 602-0622
joe@rmmprolaw.com
```

*Attorneys for Plaintiff Letizia, et al.*

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the signatories shown above.

/s/ Eric H. Gibbs