KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MICHELLE S. YBARRA - # 260697
mybarra@keker.com
ELIZABETH K. MCCLOSKEY - #268184
emccloskey@keker.com
EDUARDO E. SANTACANA - # 281668
esantacana@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LLE ONE, LLC, d/b/a Crowd Siren and d/b/a Social Media Models, and JONATHAN MURDOUGH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Lead Case No. 4:16-cv-06232-JSW<br>Related Case No. 4:17-cv-00233-JSW<br><br>**DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD CAUSE OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 14, 2018<br>Time: 9:00 a.m.<br>Dept: Courtroom 5, 2nd Floor<br>Judge: Hon. Jeffrey S. White<br><br>Trial Date: None Set |

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION; MPA IN SUPPORT
Lead Case No. 4:16-cv-06232-JSW

1304364

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on December 14, 2018, at 9:00 a.m., or as soon thereafter as this matter may be heard, Defendant Facebook, Inc. ("Defendant" or "Facebook") will, and hereby does, move the Court, in Courtroom 5, 2nd Floor of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, for an order dismissing Plaintiffs' Third Cause of Action.

Facebook brings this motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Michelle S. Ybarra, Facebook's Request for Judicial Notice, the Proposed Order filed herewith, the complete files and records in this action, the arguments of counsel, and any other matters that may properly come before the Court for its consideration.

## STATEMENT OF ISSUE TO BE DECIDED

Whether Plaintiffs failed to plead their Third Cause of Action for fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

Dated: October 5, 2018                                KEKER, VAN NEST & PETERS LLP

                                                      By:  */s/ Michelle Ybarra*
                                                           MICHELLE YBARRA

                                                      Attorneys for Defendant
                                                      FACEBOOK, INC.

---

1

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION; MPA IN SUPPORT
Lead Case No. 4:16-cv-06232-JSW

1304364

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiffs filed this putative class action after Facebook announced that it had miscalculated two video advertising metrics. In their Fourth Amended Complaint, Plaintiffs mischaracterize isolated statements from a handful of documents to manufacture a claim for fraud. Their allegations are false; in fact, Facebook identified the miscalculated metrics through its own efforts, promptly addressed them, and disclosed them to its advertising clients and the public. In any event, Plaintiffs are unable to plead a single fact showing they actually *relied* on the metrics at issue. Instead, they make only the conclusory assertion that they "did rely on Facebook's inflated viewership metrics when deciding whether and how to purchase video advertising from Facebook." ECF No. 145 at ¶117.

The Federal Rules of Civil Procedure require more than such vague allegations to state a claim for fraud. Rule 9(b) requires that "each element of fraud"—including the plaintiffs' justifiable reliance on the alleged misrepresentation—"must be factually and specifically alleged." *Heredia v. Wells Fargo Bank*, No. 16-CV-02820-DMR, 2016 WL 4608238, at *3 (N.D. Cal. Sept. 6, 2016). Plaintiffs' boilerplate statements devoid of facts fall far short of the particularity that Rule 9(b) requires. Accordingly, Plaintiffs fail to state a claim for fraud, and the Court should dismiss that claim.

**II.    BACKGROUND[1]**

In August and September 2016, Facebook announced that two of its non-billable video ad metrics, "Average Duration of Video Viewed" and "Average % of Video Viewed," had been improperly calculated. ECF 145 (Fourth Amended Complaint) ¶¶ 29-30. The miscalculation occurred because Facebook calculated the "Average Duration of Video Viewed" by dividing the total amount of time spent watching a video (watch time) by the total number of users who watched the video for three seconds or more, rather than according to the intended calculation. *Id.* This discrepancy also affected the "Average % of Video Viewed" metric because that metric used

---
[1] For the purposes of this motion to dismiss, Facebook treats the well-pleaded factual allegations of the operative complaint as true, as it must.

1

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION; MPA IN SUPPORT
Lead Case No. 4:16-cv-06232-JSW

1304364

the Average Duration of Video Viewed metric in its calculation. *Id.* These non-billable metrics were two of many metrics that Facebook made available to video advertisers.

Plaintiffs filed this putative class action in October 2016, after Facebook of its own accord announced and corrected the error. The two current putative class representatives—LLE One, LLC and Jonathan Murdough—are the ninth and tenth to assume that role. Six of their eight predecessors declined to proceed after Judge Henderson ordered that they had to plead reliance to state a claim under California Business & Professions Code § 17200. *See* ECF No. 8 (Amended Class Action Complaint), ECF No. 65 (Order Granting in Part Facebook's Motion to Dismiss), and ECF No. 70 (Second Amended Class Action Complaint, omitting six plaintiffs from the prior complaint).

On August 20, 2018, Plaintiffs filed their Fourth Amended Complaint adding a new claim for fraud. Specifically, Plaintiffs allege that "Facebook either knew that the average viewership metrics it was reporting to Plaintiffs and Class members was false or reported those metrics recklessly and without regard for their truth" and that "Facebook intended that Plaintiffs and Class members rely on its average viewership metrics." ECF No. 145 at ¶¶115-116. The allegations related to their purported reliance on the miscalculated metrics, however, are scant. Plaintiffs allege only:

> [Plaintiffs] relied on the metrics, purchasing more video advertising services from Facebook than [they] otherwise would have. . .
>
> Plaintiffs and Class members did rely on Facebook's inflated viewership metrics when deciding whether and how to purchase video advertising from Facebook.

ECF No. 145 at ¶¶74, 81, 117. These assertions are the entirety of Plaintiffs' allegations that they ever relied on the miscalculated metrics.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss must be granted unless the complaint alleges well-pleaded "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Aschroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The "non-conclusory 'factual content'" and reasonable inferences therefrom must be "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 968-

2

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION; MPA IN SUPPORT
Lead Case No. 4:16-cv-06232-JSW

1304364

72 (9th Cir. 2009) (citations omitted). Conclusory allegations are properly disregarded. *Id.*

To state a claim for fraud under California law, a party must allege: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Baltazar v. Apple, Inc.*, No. CV-10-3231-JF, 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011) (quoting *Lazar v. Superior Ct.,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996)).

Rule 9(b) further demands that fraud be pled with particularity. Fed. R. Civ. Proc. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" and "must set forth more than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). "Each element in a cause of action for fraud . . . must be factually and specifically alleged." *Heredia*, No. 16-CV-02820-DMR, 2016 WL 4608238, at *3 (ellipsis in original; internal quotation marks omitted). "Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s particularity requirement." *Id.*

Here, Plaintiffs have failed to plead any facts—let alone specific facts—alleging justifiable reliance in support of their fraud claim. Plaintiffs' fraud claim should therefore be dismissed.

**IV.   ARGUMENT**

    **A.   The specificity required by Rule 9(b) extends to all elements of Plaintiffs' fraud claim, including reliance.**

As courts in this Circuit and others have repeatedly recognized, Rule 9(b)'s mandate that "[e]ach element in a cause of action for fraud . . . must be factually and specifically alleged" extends equally to the element of justifiable reliance. *Heredia*, No. 16-CV-02820-DMR, 2016 WL 4608238, at *3; *see also Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987) ("Reasonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud [under Maryland law] and such reliance must be pleaded with particularity" under Rule 9(b)); *ScanSource, Inc. v. Datavision-Protologix, Inc.*, No. CIV-

3

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION; MPA IN SUPPORT
Lead Case No. 4:16-cv-06232-JSW

1304364

04-4271, 2005 WL 974933, at *3 (E.D. Pa. Apr. 26, 2005) (dismissing fraud claim under Pennsylvania law for failure to plead reliance with particularity). Though "[i]ntent and other aspects of a *defendant's* mental state may be alleged generally," *In re 5-hour ENERGY Mktg. & Sales Practices Litig.*, No. MDL 13-2438 PSG PLAX, 2014 WL 5311272, at *6 (C.D. Cal. Sept. 4, 2014) (emphasis added), a plaintiff's reliance may not.[2] Rather, "the same level of specificity is required with respect to [pleading] reliance as with respect to misrepresentations." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1001 (N.D. Cal. 2009) (brackets in original; internal quotation marks omitted).

"Thus, the mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance." *Nabors v. Google, Inc.*, No. 5:10-CV-03897 EJD, 2011 WL 3861893, at *5 (N.D. Cal. Aug. 30, 2011) (internal quotation marks omitted); *see also Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1127 (N.D. Cal. 2014), *vacated on other grounds sub nom. Kane v. Chobani, LLC*, 645 F. App'x 593 (9th Cir. 2016) (same); *Heredia*, No. 16-CV-02820-DMR, 2016 WL 4608238, at *3 (same). "Actual reliance occurs when the defendant's misrepresentation is an immediate cause of the plaintiff's conduct, altering his legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the transaction." *Heredia*, No. 16-CV-02820-DMR, 2016 WL 4608238, at *3 (internal quotation marks omitted). Allegations of reliance that are "entirely conclusory," without specific facts alleged in support, are insufficient to withstand a motion to dismiss. *Id.*

### B.  Plaintiffs' conclusory assertions of reliance are insufficient.

There can be little dispute that the bare assertion that "Plaintiffs and Class members did rely on Facebook's inflated viewership metrics when deciding whether and how to purchase

---

[2] As the District Court for the Southern District of New York explained in *In re Bear Stearns Companies, Inc. Sec., Derivative & ERISA Litig.*, "reliance does not simply involve a state of mind [that may be alleged generally]; it involves specific action or inaction, and therefore must be pleaded with particularity." 995 F. Supp. 2d 291, 313 (S.D.N.Y. 2014); *see also Amzak Corp. v. Reliant Energy, Inc.*, 2004 U.S. Dist. LEXIS 16514, at *17 (N.D. Ill. Aug. 19, 2004) ("To sufficiently plead reliance, plaintiffs would have to link one or more of the alleged misrepresentations with a specific act of reliance").

4
DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION; MPA IN SUPPORT
Lead Case No. 4:16-cv-06232-JSW

1304364

| | |
|---|---|
| 1 | video advertising from Facebook" (ECF No. 145 at ¶¶74, 81, 117) lacks the specificity required |
| 2 | by Rule 9(b). Other courts in this district have rejected nearly-identical allegations as deficient. |
| 3 | For example, in *Baltazar v. Apple, Inc.*, the plaintiffs alleged that Apple's representations that |
| 4 | iPads could be used outdoors in temperatures up to 95° were fraudulent because iPads overheated |
| 5 | in those conditions. No. CV-10-3231-JF, 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011). Just |
| 6 | as Plaintiffs here have done, the plaintiffs alleged reliance in conclusory terms: |

> Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the iPad and/or would not have purchased it at the price at which it was offered. . . .

*See* Request for Judicial Notice ("RJN"), Ex. A at ¶¶ 52-53.[3] Judge Fogel held that the plaintiffs failed to allege specific facts "showing their actual and reasonable reliance" on any misrepresentation, and dismissed their fraud claim.

Likewise, in *McKinney v. Google, Inc.*, the plaintiffs alleged that Google and HTC defrauded consumers by misrepresenting the quality of their phones' network connectivity. No. 5:10-CV-01177 EJD, 2011 WL 3862120, at *1-2 (N.D. Cal. Aug. 30, 2011). The plaintiffs alleged reliance in conclusory fashion:

> In affirmative response to the false, fraudulent and/or willful misrepresentations and concealment of material facts by Defendants, McKinney and Class members were induced to and did purchase the Google Phone and were required to pay for a premium T-Mobile 3G service plan.
>
> McKinney and other Class members reasonably based their decision to purchase these phones and plans on the misrepresentations and omissions of material fact by Defendants, and were damaged thereby.

RJN Ex. B at ¶¶ 136-37. Judge Davila dismissed the plaintiff's fraud claim, finding that she "has not pleaded sufficient facts about Defendants' misrepresentation or her justifiable reliance to meet the Rule 9(b) standard." *McKinney*, 5:10-CV-01177 EJD, 2011 WL 3862120, at *5-6. *See also,*

---

[3] As set forth in the accompanying Request for Judicial Notice, Exhibit A is a true and correct copy of the First Amended Complaint in *Baltazar v. Apple.* Exhibit B is a true and correct copy of the Second Amended Complaint in *McKinney v. Google*. A court may take judicial notice of documents filed in other courts. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006).

5
DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION; MPA IN SUPPORT
Lead Case No. 4:16-cv-06232-JSW

1304364

*e.g., Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1148 (N.D. Cal. 2013) (Plaintiff's allegations that she and members of the class "did reasonably rely on those misrepresentations in purchasing Apple products" "does not rise above the level of a conclusory allegation" and "is not sufficient, in and of itself, to satisfy the heightened requirements of Rule 9(b)."); *Panella v. O'Brien*, Civ. No. 05–1790(WHW), 2006 WL 2466858, at *9 (D.N.J. Aug 24, 2006) ("[P]laintiff's general statements that defendant made his misstatements knowing that plaintiff would somehow rely on them" insufficient under Rule 9(b)).

Here, Plaintiffs have not pleaded any more specifics than the *Baltazar* or *McKinney* plaintiffs did. In fact, a comparison of Plaintiffs' allegations against those at issue in *Baltazar* reveals they are remarkably similar boilerplate assertions:

| **Plaintiffs' reliance allegations** | ***Baltazar* reliance allegations** |
|---|---|
| [Plaintiffs] relied on the metrics, purchasing more video advertising services from Facebook than [they] otherwise would have . . .<br><br>Plaintiffs and Class members did rely on Facebook's inflated viewership metrics when deciding whether and how to purchase video advertising from Facebook.<br><br>ECF No. 145 at ¶¶74, 81, 117. | Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the iPad and/or would not have purchased it at the price at which it was offered. . . .<br><br>Specifically, Representative Plaintiff and members of each of the Classes viewed APPLE's website, commercials and/or product specifications, and, in reliance on those representations, purchased the device for use outdoors.<br><br>RJN Ex. A at ¶¶52-53. |

As the *Baltazar* court recognized, such vague and conclusory allegations fall far short of Rule 9(b)'s specificity requirements. Plaintiffs' fraud claim should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Facebook requests that the Court GRANT its motion to dismiss

6

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION; MPA IN SUPPORT
Lead Case No. 4:16-cv-06232-JSW

1304364

Plaintiffs' fraud claim.

Dated: October 5, 2018                                    KEKER, VAN NEST & PETERS LLP

                                                    By:  */s/ Michelle Ybarra*
                                                         MICHELLE YBARRA

                                                         Attorneys for Defendant
                                                         FACEBOOK, INC.

7
DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION; MPA IN SUPPORT
Lead Case No. 4:16-cv-06232-JSW

1304364