KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MICHELLE S. YBARRA - # 260697
mybarra@keker.com
ELIZABETH K. MCCLOSKEY - #268184
emccloskey@keker.com
EDUARDO E. SANTACANA - # 281668
esantacana@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LLE ONE, LLC, d/b/a Crowd Siren and d/b/a Social Media Models, and JONATHAN MURDOUGH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Lead Case No. 4:16-cv-06232-JSW<br>Related Case No. 4:17-cv-00233-JSW<br><br>**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD CAUSE OF ACTION**<br><br>Date:     December 14, 2018<br>Time:    9:00 a.m.<br>Dept:    Courtroom 5, 2nd Floor<br>Judge:   Hon. Jeffrey S. White<br><br>Trial Date:    None Set |

## I. INTRODUCTION

Plaintiffs' opposition does nothing to resurrect their manufactured claim for fraud. Plaintiffs do not challenge—and therefore concede—that Rule 9(b) requires dismissal of a common-law fraud claim if it does not plead "justifiable reliance" with particularity. Nor do Plaintiffs dispute that the mere assertion of "reliance" is insufficient, and that actual reliance requires that a "misrepresentation [be] an immediate cause of the plaintiff's conduct, altering his legal relations" and that "absent such representation, the plaintiff would not, in all reasonable probability, have entered into the transaction." *Heredia v. Wells Fargo Bank*, No. 16-CV-02820-DMR, 2016 WL 4608238, at *3 (N.D. Cal. Sept. 6, 2016) (internal quotation marks omitted). As Facebook's opening brief demonstrates, Plaintiffs' conclusory allegations do not meet these standards.

First, Plaintiffs fail to identify any allegations that describe *Plaintiffs'* reliance on the metrics at issue. Instead, they point to allegations that purport to describe how unidentified "advertisers *like* Plaintiffs" use and value metrics. ECF No. 170 at 8. That falls far short of the pleading standard under Rule 9(b).

Second, Plaintiffs contend that they are entitled to a presumption of reliance upon a showing of materiality. The California Supreme Court specifically rejected this argument in *Mirkin v. Wasserman*.

Finally, Plaintiffs spend much of their opposition urging the Court to deny Facebook's motion under Rule 12(g)— thus excusing their failure to plead reliance. But there is no legal support for this argument. Plaintiffs fail to cite a single case in which a court barred a defendant from moving to dismiss a *newly-pleaded* common-law fraud claim because the defendant declined to challenge a UCL claim in a prior version of the complaint. Even if Rule 12(g) applied here, the Court has discretion to consider Facebook's motion, and Plaintiffs' accusations of fraud deserve judicial scrutiny. Facebook's motion should be granted, and Plaintiffs' Third Cause of Action should be dismissed.

1
DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION
Lead Case No. 4:16-cv-06232-JSW

1310648

## II. ARGUMENT

### A. Plaintiffs concede that reliance must be factually and specifically alleged

Plaintiffs do not dispute that Rule 9(b)'s mandate that "[e]ach element in a cause of action for fraud . . . must be factually and specifically alleged" extends equally to the element of justifiable reliance. *Heredia*, No. 2016 WL 4608238, at *3. Nor do Plaintiffs dispute that "the mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance." *Nabors v. Google, Inc.*, No. 5:10-CV-03897 EJD, 2011 WL 3861893, at *5 (N.D. Cal. Aug. 30, 2011). Plaintiffs do not contest, and therefore further concede, that "[a]ctual reliance occurs when the defendant's misrepresentation is an immediate cause of the plaintiff's conduct, altering his legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the transaction." *Heredia*, 2016 WL 4608238, at *3 (internal quotation marks omitted). As explained below, none of Plaintiffs' reliance allegations satisfy these standards.

### B. Plaintiffs' conclusory assertions of reliance are insufficient

Plaintiffs argue that their reliance assertions are sufficient to plead a claim for common-law fraud. That argument fails in at least three ways.

*First*, Plaintiffs insist they've pleaded reliance, but allege only the following:

> [Plaintiffs] relied on the metrics, purchasing more video advertising services from Facebook than [they] otherwise would have. . .
>
> Plaintiffs and Class members did rely on Facebook's inflated viewership metrics when deciding whether and how to purchase video advertising from Facebook.

ECF No. 145 at ¶¶74, 81, 117. These conclusory, boilerplate allegations are insufficient to satisfy Rule 9(b), as Facebook showed in its opening brief (at 4:21–6:26) and as discussed further in

2
DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION
Lead Case No. 4:16-cv-06232-JSW

1310648

Section II.C.[1]

*Second*, Plaintiffs describe why the metrics at issue allegedly were relied-on by other advertisers, but not Plaintiffs. ECF No. 170 at 8. For example, Plaintiffs point to conclusory allegations that other, unidentified "advertisers *like* Plaintiffs" find the metrics important. *Id.* ("Plaintiffs have alleged why the average viewership metrics . . . are considered material by advertisers *like Plaintiffs*"; "Of the online analytics that video advertisers *like Plaintiffs* follow, those that measure average view length are particularly important") (emphasis added). And Plaintiffs cite to allegations in the Fourth Amended Complaint that purport to describe how advertisers use the metrics. ECF No. 145 at ¶20 (generally alleging how advertisers use analytics); ¶23 (generally alleging advertisers value video ads); ¶34-36 (describing operation of the miscalculated metrics). But these allegations say nothing about *Plaintiffs'* reliance on the alleged misrepresentation at all, and consist of little more than generalizations about advertisers at large. Those allegations cannot satisfy Rule 9(b). *See Nabors*, 2011 WL 3861893, at *5 ("[P]laintiff must allege the specifics of *his or her* reliance") (emphasis added).

*Third*, Plaintiffs contend that they are entitled to a presumption of reliance upon a showing that that the misrepresentations were material, citing *Engalla v. Permanente Med. Grp., Inc*. ECF No. 170 at 9. But the question in *Engalla* was whether a claim for fraud-in-the-inducement of an arbitration agreement warranted denial of a petition to compel arbitration—not whether a fraud claim should be dismissed under Rule 9(b). 15 Cal. 4th 951, 977 (1997). Moreover, the California Supreme Court has specifically rejected the notion that reliance may be presumed at the pleading stage for a common-law fraud claim, stating that: "nothing in [*Vasquez v. Superior Court*, 4 Cal. 3d 800 (1971)] so much as hints that a plaintiff may *plead* a cause of action for deceit without

---

[1] Plaintiffs' opposition also cites to paragraphs 39-40, 73, 81, and 101 as allegations of reliance. Opp. at 8. But paragraphs 73 and 80 allege only that Plaintiffs "began viewing" or "viewed" the metrics, not that Plaintiffs relied on them. ECF No. 145 at ¶¶73, 80. Paragraphs 39-40 and 101 merely recite boilerplate allegations no more specific than those described above. *See, e.g., id.* ¶39 ("Facebook's misrepresentations induced video advertising purchasers, including Plaintiffs," to purchase more video ads and pay more for them.). Moreover, they mirror allegations rejected by the *McKinney* court as insufficient to plead common law fraud. *See* RJN Ex. B at ¶ 136 ("In affirmative response to the false, fraudulent and/or willful misrepresentations and concealment of material facts by Defendants, McKinney and Class members were induced to and did purchase the Google Phone and were required to pay for a premium T-Mobile 3G service plan.").

3
DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION
Lead Case No. 4:16-cv-06232-JSW

1310648

alleging actual reliance." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095 (1993) (discussing *Vasquez*, 4 Cal. 3d at 814-815). Plaintiffs are not entitled to a presumption of reliance at the pleading stage, but rather must plead "specific facts of [their] reliance." *Nabors*, No. 5:10-CV-03897 EJD, 2011 WL 3861893, at *5. They have not done so here.

### C. Plaintiffs fail to distinguish the cases dismissing similarly-deficient fraud claims

Plaintiffs fail to distinguish relevant cases from this District in which similarly-deficient fraud claims were dismissed. In *Baltazar v. Apple*, the Court dismissed plaintiffs' common law fraud claim premised on Apple's alleged misrepresentations about the capabilities of the iPad. No. CV-10-3231, 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011). The Court found the plaintiffs' fraud claim deficient because "plaintiffs fail to allege facts showing their actual and reasonable reliance on these representations" (*id.*)—notwithstanding plaintiffs' conclusory allegations that they saw the misrepresentations and purchased the iPad "in reliance on those representations . . . ."

> Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the iPad and/or would not have purchased it at the price at which it was offered. . . .
>
> Specifically, Representative Plaintiff and members of each of the Classes ***viewed*** APPLE's website, commercials and/or product specifications, and, ***in reliance on those representations, purchased*** the device for use outdoors.

RJN Ex. A at ¶¶52-53 (emphasis added). Contrary to Plaintiffs' assertion, nowhere does the Court conclude that "none of the [*Baltazar*] plaintiffs could allege they actually saw those product specifications," ECF No. 170 at 9—as shown above, they did so allege. Rather, the pleading deficiency that the Court identified was failure to allege "specific facts" showing reliance. *Baltazar*, 2011 WL 588209, at *3.

Nor did the *Baltazar* Court conclude that the plaintiffs' allegations "could not form a basis for justifiable reliance," as Plaintiffs suggest. ECF No. 170 at 10. In support of that proposition, Plaintiffs cite to subsequent orders regarding later *Baltazar* complaints—not the complaint discussed in Facebook's motion and the court's opinion quoted above, which is attached as

4
DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION
Lead Case No. 4:16-cv-06232-JSW

1310648

Exhibit A to Facebook's Request for Judicial Notice. *Id.* at 10. Plaintiffs' reliance allegations are nearly identical to those the *Baltazar* court found deficient, and suffer from the same infirmities.

Plaintiffs also inaccurately suggest that the court in *McKinney v. Google* dismissed the fraud claim there because the plaintiff "could not identify any representation that even mentioned 3G connectivity." *Id*. Though the *McKinney* court assessed whether plaintiff had sufficiently pleaded a misrepresentation, its analysis did not end there. The Court concluded that the plaintiff's "mer[e] assert[ion] that she based her decision to buy the Google Phone on Google and HTC's misrepresentations" failed to allege "facts showing her actual and reasonable reliance on any such representations," as required by Rule 9(b). *McKinney v, Google*, No. 5:10-CV-01177, 2011 WL 3862120, at *5-*6 (N.D. Cal. Aug. 30, 2011). The *McKinney* court rejected allegations nearly identical to those Plaintiffs make here as insufficient to plead reliance with particularity.

### D. Rule 12(g) does not bar Facebook's motion

Finally, Plaintiffs argue that Facebook's motion is barred by Rule 12(g) because it relies on an argument that could have been raised before Facebook knew that Plaintiffs would plead a fraud claim. ECF No. 170 at 6. That argument fails for three reasons.

First, courts generally do not apply Rule 12(g) to bar motions to dismiss amended complaints. Instead, the rule is typically applied to successive motions to dismiss *targeted at the same complaint* and raising "a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground . . ." *Chao v. Aurora Loan Servs., LLC*, No. 10-CV-3118, 2013 WL 5487420, at *3-4 (N.D. Cal. Sept. 30, 2013) (quoting *Lacey v. Maricopa Cty.,* 693 F.3d 896, 928 (9th Cir.2012) (en banc)). But "'an amended complaint supersedes the original complaint and renders it without legal effect.'" *Id.* "Relying on that rule, courts within this Circuit have permitted defendants to bring motions to dismiss in response to an amended pleading based on arguments previously made in a prior motion to dismiss and to raise new arguments that were not previously made." *Id.* at *3-4 (collecting cases); *see also Diehl v. Starbucks Corp.*, No. 12-CV-2432, 2014 WL 12540524, at *4 (S.D. Cal. June 17, 2014) ("An amended complaint supersedes

5
DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS
THIRD CAUSE OF ACTION
Lead Case No. 4:16-cv-06232-JSW

1310648

1  the original . . . Defendant is therefore generally permitted to dismiss an amended complaint

2  either by way of arguments previously made or by way of new arguments previously available.")

3  (internal citations omitted). Accordingly, because Plaintiffs amended their complaint, Facebook is

4  entitled to move to dismiss—even on grounds previously available to it.

5        Second, even if Rule 12(g) did apply to amended complaints, it generally does not apply

6  when a plaintiff chooses to assert a new cause of action. *See, e.g., Express Cos. v. Lifeguard Med.*

7  *Solutions., LLC*, 10CV178-WQH-WMC, 2010 WL 11508847, at *4 (S.D. Cal. Sept. 1, 2010)

8  (Rule 12(g) did not bar motion to dismiss a newly-added unjust enrichment claim or newly-added

9  defendants); *Brooks v. Caswell*, No. 3:14-CV-01232-AC, 2016 WL 866303, at *2–3 (D. Or. Mar.

10  2, 2016) ("[A]n amended complaint does not revive the right to file a post-answer motion to

11  dismiss, with the exception that new claims may be attacked."); *Brown v. Barrett Burke Wilson*

12  *Castle Daffin & Frappier, LLP*, 06CV0363, 2007 WL 628057, at *3 n.* (N.D. Tex. Feb. 28,

13  2007) (internal citation omitted) ("A defendant is permitted, however, to file a motion to dismiss

14  on new claims that were raised for the first time in an amended complaint that was filed after its

15  original motion to dismiss").

16        Here, Facebook moves to dismiss only Plaintiffs' common-law fraud claim, which

17  Plaintiffs pleaded for the first time in their Fourth Amended Complaint. Plaintiffs' insistence that

18  Facebook waived its right to challenge a claim before the claim was even pleaded is nonsensical

19  and inconsistent with how courts in this Circuit have applied Rule 12(g).[2] Plaintiffs rely on *Bush*

20  *v. Liberty Life Assurance Co. of Boston*, 130 F. Supp. 3d 1320, 1326 (N.D. Cal. 2015), in which

21  the court barred a motion to dismiss newly-added ERISA claims on the grounds that they raised

22  "identical issues" with respect to another existing ERISA claim. Those circumstances are not

---

[2] The other cases on which Plaintiffs rely are inapposite. In *Herron v. Best Buy Stores, LP*, the Court barred Toshiba from raising an argument in its motion to dismiss plaintiff's CLRA claim that it failed to raise against that same claim in a prior motion to dismiss. *Herron v. Best Buy Stores, LP*, No. 12-CV-02103-GEB-JFM, 2013 WL 4432019, at *4 (E.D. Cal. Aug. 16, 2013). *Northstar Fin. Advisors Inc. v. Schwab Investments* found an affirmative defense waived following seven years of complex litigation, under circumstances not present here. 135 F. Supp. 3d 1059, 1070 (N.D. Cal. 2015), *aff'd in part, rev'd in part and remanded*, 904 F.3d 821 (9th Cir. 2018), and *aff'd in part, rev'd in part and remanded*, 904 F.3d 821 (9th Cir. 2018). And *In re Apple Iphone Antitrust Litig*. does not address whether Rule 12(g) prohibits a motion to dismiss newly-added claims. 846 F.3d 313, 319 (9th Cir. 2017).

present here, where Plaintiffs did not previously allege common-law fraud, and where their fraud and UCL claims do not raise wholly "identical issues."

*Finally*, Plaintiffs concede that Rule 12(g) permits the Court to exercise its discretion to consider Facebook's motion, but suggest the Court should not do so in the interests of "judicial economy." ECF No. 170 at 7. But nothing would serve judicial economy less than requiring the Court to expend further resources adjudicating discovery and class certification disputes on a facially-deficient claim that should not survive the pleading stage. Nor would such an outcome serve the policies that underlie Rule 9(b). *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (Rule 9(b) "protects potential defendants . . . from the harm that comes from being charged with the commission of fraudulent acts."). The Court should reach the merits of Facebook's motion and dismiss Plaintiffs' fraud claim.

## III.  CONCLUSION

For the foregoing reasons, Facebook requests that the Court GRANT its motion to dismiss Plaintiffs' fraud claim.

Dated:  November 21, 2018                                      KEKER, VAN NEST & PETERS LLP

                                                               By:  */s/ Michelle Ybarra*
                                                                    MICHELLE YBARRA

                                                                    Attorneys for Defendant
                                                                    FACEBOOK, INC.