# EXHIBIT A

**CONTENTS**

I.      RECITALS..................................................................................................................2

II.     DEFINITIONS............................................................................................................3

III.    CERTIFICATION OF SETTLEMENT CLASS........................................................5

IV.     APPOINTMENT OF SETTLEMENT ADMINISTRATOR ....................................6

V.      COMPENSATION TO BE PAID TO SETTLEMENT CLASS MEMBERS .........6

VI.     NOTICE TO THE SETTLEMENT CLASS...............................................................8

VII.    REQUESTS FOR EXCLUSION.............................................................................10

VIII.   PROCEDURE FOR OBJECTIONS ........................................................................10

IX.     ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND
        CLASS REPRESENTATIVE SERVICE AWARDS................................................11

X.      MOTION FOR PRELIMINARY APPROVAL ......................................................12

XI.     FINAL APPROVAL HEARING AND FINAL APPROVAL ORDER..................12

XII.    EFFECTIVE DATE AND TERMINATION ...........................................................13

XIII.   MUTUAL RELEASE ..............................................................................................14

XIV.    MISCELLANEOUS ...............................................................................................15

## CLASS ACTION SETTLEMENT AGREEMENT

Plaintiffs and Class Representatives LLE ONE, LLC, d/b/a Crowd Siren and d/b/a Social Media Models, and Jonathan Murdough, and Defendant Facebook Inc. (collectively, the "Parties"), hereby enter into this Agreement which provides for the settlement and final resolution of the Action defined below, subject to the approval of the Court.

## I.   RECITALS

WHEREAS, Plaintiffs are named plaintiffs and proposed class representatives in the Action, which is a putative class action lawsuit against Facebook in the United States District Court for the Northern District of California captioned *LLE One, LLC, et al. v. Facebook, Inc.*, Case No. 4:16-cv-06232-JSW (N.D. Cal.);

WHEREAS, the Action is comprised of two consolidated lawsuits: *Letizia, et al. v. Facebook Inc.*, No. 4:16-cv-06232 (N.D. Cal.) (which was initially filed on October 27, 2016), and *Quirky, Inc. v. Facebook, Inc.*, No. 3:17-cv-00233 (initially filed on January 17, 2017);

WHEREAS, the Court consolidated the two actions for all purposes on February 13, 2017, (ECF No. 32);

WHEREAS, the plaintiffs in the consolidated action and their counsel have worked together cooperatively to prosecute the action on their own behalf and on behalf of proposed class members;

WHEREAS, the nature of the action is detailed in the Fourth Amended Class Action Complaint, (ECF No. 165), which alleges among other things that Facebook incorrectly calculated two metrics concerning the average view times for video advertisements;

WHEREAS, Plaintiffs assert claims for breach of contractual duties; violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and for common law fraud;

WHEREAS, Facebook denies that Plaintiffs' claims are meritorious, denies that it is liable to Plaintiffs or any member of the Settlement Class for any of the matters asserted in the Action, and disputes that Plaintiffs may obtain certification of any class for litigation purposes;

WHEREAS, the parties briefed four motions to dismiss filed by Facebook, which ultimately led to the Court dismissing Plaintiffs' claim for unjust enrichment and allowing Plaintiffs' remaining claims to proceed into discovery;

WHEREAS, Facebook filed answers on June 22, 2018, (ECF No. 137), and May 9, 2019, (ECF No. 184);

WHEREAS, the Action involved approximately 2 1/2 years of litigation activity, during which time the Parties engaged in substantial pretrial activity in addition to the motion to dismiss briefing described above, including extensive written discovery, the production of nearly 500,000 pages of documents (by Plaintiffs, Defendant, and third parties), 11 depositions, the filing of 8 joint letter briefs concerning discovery disputes, expert work, and the preparation of Plaintiffs' motion for class certification, which would have been filed June 14, 2019, absent this Settlement;

WHEREAS, in addition to their efforts devoted to prosecuting and defending the Action, the Parties have explored and discussed at length the factual and legal issues raised in the Action;

WHEREAS, the Parties engaged in discussions about the potential resolution of the Action, after which, on April 10, 2019, they participated in an all-day, in-person mediation with former Chief Judge of the U.S. District Court, Northern District of California, Vaughn R. Walker;

WHEREAS, following the in-person mediation the Parties engaged in further negotiations and discussions over the span of approximately two months with Judge Walker's assistance in a continuing effort to resolve the Action;

WHEREAS, with Judge Walker's assistance, the Parties reached agreement on June 11, 2019, to resolve the Action and subsequently memorialized the terms of their settlement in this Agreement, including the attached exhibits; the Parties' negotiations have at all times been at arms-length;

WHEREAS, Plaintiffs, by and through Class Counsel, have (a) made a thorough investigation of the facts and circumstances surrounding the allegations in the Action; (b) investigated the claims asserted in the Action, including but not limited to by (i) researching, reviewing, and analyzing industry data, information, and public reports; (ii) collaborating with, interviewing, or deposing witness(es), consultants, and experts; (iii) reviewing and analyzing documents produced by Defendant and third parties; and (iv) investigating the law applicable to the claims asserted in the Action, including the defenses that would likely be asserted;

WHEREAS, Class Counsel are experienced in this type of litigation, recognize the costs and risk of continued prosecution of the Action, and believe that it is in Plaintiffs' and all Settlement Class Members' interest to resolve this Action as set forth herein;

WHEREAS, Facebook has concluded that settlement is desirable to resolve, finally and completely, all pending and potential claims of Plaintiffs and all Settlement Class Members relating to the alleged practices at issue;

WHEREAS, the Parties believe that this Agreement offers significant benefits to Settlement Class Members and is fair, reasonable, adequate, and in the best interest of Settlement Class Members;

WHEREAS, by executing this Agreement and as a material condition of the settlement, the Parties intend to settle and dispose of, fully and completely, both individually and on a classwide basis, all claims, demands, and causes of action related to the conduct that was alleged or that could have been alleged in the Action, as more fully set forth in this Agreement.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the Parties, as follows:

## II.   DEFINITIONS

As used throughout this Agreement, the following words and terms shall have the meaning set forth below.  Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1.     "Action" means *LLE One, LLC, et al. v. Facebook, Inc.*, Case No. 4:16-cv-06232-JSW, which is pending in the United States District Court for the Northern District of California, including both of the underlying consolidated cases referenced above.

2.     "Active Account" means a Facebook advertising account that is not currently an Inactive Account.

3.      "Administrative Expenses" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Class Notice, locating Settlement Class Members, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members. Administrative expenses also include all taxes, and reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

4.      "Agreement" means this Settlement Agreement, including, without limitation, all of the attached exhibits.

5.      "Class Notice" or "Class Notices" refers to the notice or notices to be sent to Settlement Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

6.      "Class Counsel" means the law firms of Cohen Milstein Sellers & Toll PLLC, Eglet Adams, and Gibbs Law Group LLP.

7.      "Class Period" means February 12, 2015, through September 23, 2016.

8.      "Court" refers to the court presiding over this Action, the United States District Court for the Northern District of California.

9.       "Effective Date" means the earliest date on which all of the events and conditions specified in Section XII herein have occurred or have been met.

10.      "Defendant" means (i) Facebook, Inc. and its subsidiaries and any other legal entities, whether foreign or domestic, that are owned or controlled by Facebook, and (ii) the shareholders, officers, directors, members, agents, employees, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns of the entities in Part (i) of this definition.

11.      "Defense Counsel" means the law firm of Keker, Van Nest & Peters LLP.

12.      "Escrow Account" means the escrow account managed by the Settlement Administrator or its duly appointed agent(s), with the account to be held for the benefit of the Settlement Class, Plaintiffs, and Class Counsel.

13.      "Facebook Released Parties" means Defendant and its officers, directors, legal representatives, successors, subsidiaries, and assigns.

14.      "Final Approval Hearing" means the hearing at which the Court evaluates whether to enter a Final Approval Order.

15.      "Final Approval Order" means the Court order entered under Federal Rule of Civil Procedure 23(e)(2) approving this Agreement and the Parties' Settlement, certifying the Settlement Class under Rule 23(a) and (b)(3), and appointing Class Counsel under Rule 23(g).

16.      "Inactive Account" is a Facebook advertising account that has been closed, disabled, or is unsettled because existing payment options are inoperative.

17.      "Net Settlement Sum" means the Settlement Amount less all of the following: (i) Administrative Expenses, (ii) Class Counsel's attorneys' fees, (iii) reimbursement of Class Counsel's litigation expenses, (iv) the service award payments to the class representatives, and

(v) any federal or state tax on any income earned by the Settlement Amount after it is deposited into the Escrow Account.

18.     "Plaintiffs" means LLE ONE, LLC (d/b/a Crowd Siren and d/b/a Social Media Models) and Jonathan Murdough.

19.     "Plaintiffs' Counsel" means the law firms of Cohen Milstein Sellers & Toll PLLC, Eglet Adams, Gibbs Law Group LLP, Law Offices of Charles Reichmann, Law Offices of Aisha Christian, and Joseph Motta Attorney at Law, PLC.

20.     "Preliminary Approval Order" means the order that the Court enters under Federal Rule of Civil Procedure 23(e)(1), directing Notice to all Settlement Class Members based on the Parties' showing that the Court will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the proposal.

21.     "Settlement" means the resolution of this Action as provided for and effectuated by this Agreement.

22.     "Settlement Administrator" refers to A.B. Data, Ltd.

23.     "Settlement Amount" means the amount of forty million dollars ($40,000,000.00).

24.     "Settlement Class" means all U.S. persons or entities who, from February 12, 2015 to September 23, 2016, had an account with Facebook, Inc., and who paid for placement of video advertisements on a Facebook-owned platform. Excluded from the Class are Facebook; any entity in which Facebook has a controlling interest; Facebook's officers, directors, legal representatives, successors, subsidiaries, and assigns; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

25.     "Settlement Class List" means a list of all Facebook accounts satisfying the proposed "Settlement Class" defined in Section II.24, which Facebook will compile based on a good faith review of its records and provide to the Settlement Administrator.

26.     "Settlement Class Member" refers to any person or entity who falls within the definition of the Settlement Class and who does not validly exclude themselves from the Settlement Class pursuant to the procedure set forth in the Preliminary Approval Order.

## III.     CERTIFICATION OF SETTLEMENT CLASS

1.     Promptly following the execution of this Agreement, and as part of the settlement approval process contemplated in Federal Rule of Civil Procedure 23(e), the parties shall cooperate to seek certification of the Settlement Class under Federal Rule of Civil Procedure 23(a) and (b)(3), including the appointment of Class Counsel under Federal Rule of Civil Procedure 23(g).

2.     In entering into this Agreement, Facebook does not concede that certification of a litigation class would have been appropriate in this Action. Facebook's agreement to provisional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Class Representatives or any of the provisional Settlement Class Members.  Facebook is entering into this Agreement to eliminate the burdens, distractions, expense, and uncertainty of further litigation.

3.      In the event that the Court does not enter a Final Approval Order (or if a Final Approval Order is reversed on appeal), all of Facebook's defenses to class certification will be preserved, and Plaintiffs and Class Counsel will be precluded from using the provisions of this Section or the Court's certification of the Settlement Class to suggest that a litigation class should be certified.

## IV.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR

1.      As part of the settlement approval process contemplated in Federal Rule of Civil Procedure 23(e), the parties shall request that the Court appoint the Settlement Administrator.

2.      The Settlement Administrator will be required to agree to all of the terms and conditions of this Agreement relating to the administration of the Settlement.

3.      The Settlement Administrator will be responsible for administering the Settlement, which will include, among other tasks:

     a.      Disseminating Class Notice consistent with Section VI;

     b.      Calculating the amount owed to Class Members under the terms of this Settlement;

     c.      Administering the Settlement Amount, including distributing payments to Class Members consistent with this Agreement;

     d.       Preparing tax returns and paying taxes as necessary;

     e.      Paying to Class Counsel the Court-approved attorneys' fees, litigation expense reimbursements, and class representative service awards;

     f.      Preparing and providing any declarations or reports requested by the Parties, required by this Agreement, or required by the Court; and

     g.      Responding to inquiries and requests from Class Members.

## V.   COMPENSATION TO BE PAID TO SETTLEMENT CLASS MEMBERS

1.      Subject to the terms of this Agreement, and in consideration for the releases and the cessation of the Action provided for in this Agreement, Facebook will pay the Settlement Amount as follows: (i) no later than five (5) Business Days after entry of the Preliminary Approval Order, Facebook shall cause to be wired $500,000 (five-hundred thousand dollars) into the Escrow Account to cover reasonable Administrative Expenses incurred prior to entry of the Final Approval Order; and (ii) no later than twenty-one days (21) days after the Court enters the Final Approval Order, Facebook shall cause to be wired the balance of the Settlement Amount, $39,500,000 (thirty-nine million, five-hundred thousand dollars), into the Escrow Account.  No amounts from the Escrow Account may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. The Settlement Administrator shall provide Class Counsel and Facebook with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Escrow Account before the Effective Date at least five (5) Business Days prior to making such withdrawal or payment. Prior to the Effective Date, Class Counsel and Facebook may jointly authorize the payment of actual reasonable Administrative Expenses from the Escrow Account without further order of the Court.

2.      No later than twenty-one (21) days after date the Effective Date, the Settlement Administrator (in the case of non-ad credits) and Facebook (in the case of ad credits) shall distribute the Net Settlement Sum to Settlement Class Members.

3.      Payments to Settlement Class Members shall be made as follows:

a.  Each Settlement Class Member shall be sent a pro rata portion of the Net Settlement Sum directly proportionate to that Settlement Class Member's expenditure on Facebook video advertising during the Class Period, as reflected in the Settlement Class List. The minimum recovery for each Settlement Class Member will be one cent.

b.  The Parties agree to distribute payments to Settlement Class Members as follows:

i.  Class members who spent less than or equal to $15 on Facebook video advertisements during the Class Period:

1.  Active accounts will be compensated with a digital MasterCard debit card if the accountholder so selects such payment method, otherwise payment will be made in Facebook ad credits; and

2.  Inactive accounts will be compensated with a digital MasterCard debit card.

ii.  Class members who spent more than $15 but less than $500,000 on Facebook video advertisements during the Class Period:

1.  Active Accounts will be paid with a digital MasterCard debit card unless the accountholder elects payment by check (checks will only be an option for Class members who are entitled to $25 or more in payments) or Facebook ad credits; and

2.  Inactive Accounts will be paid with a digital MasterCard debit card unless the accountholder elects payment by check.

iii.  Class members who spent more than $500,000 on Facebook video advertisements during the Class Period:

1.  Unless the account holder elects to receive payment in Facebook ad credits, Active Accounts will be paid with a check so long as the Settlement Administrator has a mailing address for the accountholder; and

2.  Inactive Accounts will be paid with a check so long as the Settlement Administrator has a mailing address for the accountholder.

4.      Each Settlement Class Member will be responsible for remitting to federal, state, and local taxing authorities any taxes that may be due and owing as a result of his or her receipt of a payment under the Settlement.  Settlement Class Members will hold Class Counsel, the Parties, and Facebook's counsel harmless and indemnify each of them for any liabilities, costs,

and expenses, including attorneys' fees, caused by any such taxing authority relating in any way to the tax treatment of the payment of the Net Settlement Sum to the Settlement Class.

5.　　To the extent any unpaid or undistributed part of the Settlement Amount is held by the Settlement Administrator at the completion of the administration of the Settlement, it shall be subject to a cy pres distribution to be proposed by the Parties and approved by the Court. Subject to Section XIV.6. below, in no event shall any of the Settlement Amount be paid to or revert to Facebook other than any amounts required to compensate Class Members in ad credits as specified in V.3(b) above.

6.　　Any and all payments provided for or contemplated by this Agreement (including, without limitation, all payments to Settlement Class Members, payments of attorneys' fees and reimbursement of litigation expenses to Class Counsel, payment of Administration Expenses, and payment of class representative service awards) will be made from the Settlement Amount. Under no circumstances will Facebook be required to pay as part of the Settlement any more than the Settlement Amount, and under no circumstances will Plaintiffs' Counsel be required to pay any part of the Settlement Amount, including Administration Expenses.

7.　　The Settlement Administrator's determination as to the monetary award that should be paid to each Settlement Class Member shall be final and not subject to review by, or appeal to, any court, mediator, arbitrator or other judicial body, including without limitation this Court. As will be reflected in the Final Approval Order, Plaintiffs, Class Counsel, Defendant, and Defense Counsel shall have no responsibility, and may not be held liable, for any determination reached by the Settlement Administrator.

## VI.　NOTICE TO THE SETTLEMENT CLASS

1.　　The Settlement Class List shall be used to ensure Class Notice is appropriately disseminated to the Settlement Class.

2.　　Facebook shall, to the extent it possesses and can identify through reasonable means, provide the Settlement Administrator with the Settlement Class List and for all such persons or entities Facebook shall, to the extent it possesses and can identify through reasonable means, provide the individual's or entity's (i) name, (ii) email address, (iii) mailing address, (iv) the total amount he/she/it spent on video advertising during the Settlement Class Period, and (v) whether the corresponding advertising account is Active or Inactive.

3.　　Facebook will compile the Settlement Class List with all of the information listed in the preceding paragraph and provide it to the Settlement Administrator within 7 days after the Court enters a Preliminary Approval Order.

4.　　The contents of the Settlement Class List shall not be used for any purpose other than for providing the Class Notice and Settlement Distribution as described in this Agreement, and the contents of the Settlement Class List shall be treated as private and confidential information and not disseminated, in any manner, to anyone other than the Settlement Administrator. The Parties agree to seek entry of an order by the Court mandating that the Settlement Class List be treated as private, confidential, and proprietary.

5.      No later than 21 days after the issuance of a Preliminary Approval Order, the Settlement Administrator shall send the Class Notice to all Settlement Class Members via their email addresses and their physical mailing addresses listed in the Settlement Class List.

6.      For all Settlement Class members for whom the emailed and mailed Class Notice is returned without forwarding address information, the Settlement Administrator shall use reasonable skip tracing techniques to locate an updated email or physical mailing address to provide notice to the best-known address resulting from that search.

7.      The Settlement Administrator shall diligently report to the Parties the number of notices originally emailed to Settlement Class Members, the number of notices mailed to Settlement Class Members, the number of notices initially returned as undeliverable, the number of additional notices mailed after an advanced address search, and the number of those additional notices returned as undeliverable. The Settlement Administrator shall also be responsible for maintaining a current Settlement Class List with updated email and mailing addresses.

8.      The Settlement Administrator shall set up and maintain a website where the Settlement Administrator will post the long-form Settlement notice (substantially in the form attached as Exhibit A-2); a copy of this Agreement; the motion and all supporting papers requesting entry of a Preliminary Approval Order; the Preliminary Approval Order; the motion and all supporting papers requesting entry of a Final Approval Order; any motion and all supporting papers requesting payment of attorneys' fees, litigation cost reimbursements, and class representative service awards; and any other documents or information jointly requested by the Parties. The website will also list the date of the Final Approval Hearing. The website will also provide potential Class Members the ability to assess the overall amount the Class Member spent on Facebook video advertisement during the Class Period, estimated ranges of recovery, projected ranges of recovery, and, if applicable, an option allowing the Class Member to direct the distribution of their recovery.

9.      The Class Notice will list the URL for the settlement website described in the preceding paragraph as well as a toll-free number for Settlement Class Members to call to request a paper copy of the long-form notice or other pertinent information.

10.      In coordination with the direct Class Notice program, the Settlement Administrator will also cause to be implemented paid and earned digital media notice via Google AdWords and Google Display Networks.

11.      No later than 14 days before the Final Approval Hearing, the Settlement Administrator will submit a declaration attesting to the dissemination of Notice consistent with this Agreement.

12.      The Parties agree that the notice plan set forth in this section constitutes the best notice practicable under the circumstances for the Settlement Class.

13.      Facebook will cause the Settlement Administrator to serve the notice of settlement required by 28 U.S.C. § 1715 within 10 days of the filing of the motion seeking a Preliminary Approval Order. No later than 7 days before the Final Approval Hearing, Facebook shall cause the Settlement Administrator to file a declaration attesting to its compliance with this provision.

## VII.   REQUESTS FOR EXCLUSION

1.      The provisions of this section shall apply to any request by any person or entity who falls within the defined Settlement Class for exclusion from the Settlement Class.

2.      Any such person or entity may request exclusion by submitting such request in writing as set forth in the Class Notice.

3.      Any request for exclusion must be received not later than the date specified in the Preliminary Approval Order.

4.      Any request for exclusion shall (i) state the person or entity's full name, current address, email address associated with the Settlement Class Member's Facebook advertising account, and Facebook advertising account identification number and (ii) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Settlement Class.

5.      Failure to comply with these requirements and to timely submit the request for exclusion will result in the person or entity being bound by the terms of the Settlement Agreement.

6.      Any person or entity who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Agreement.

7.      Not later than ten (10) days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete exclusion list together with copies of the exclusion requests.

8.      Facebook shall have the right to withdraw from the Settlement, upon written notice to Class Counsel, which must be sent to Class Counsel via overnight mail no later than three (3) business days after the complete list together with copies of the exclusion requests is provided to Class Counsel and Defense Counsel, in the event that the total video advertising revenue attributable to those who excluded themselves from the Settlement Class is equal to or greater than the percentage, set forth in the Confidential Side Letter, of total video advertising revenue accrued by the Settlement Class during the Class Period.

## VIII.   PROCEDURE FOR OBJECTIONS

1.      Any Settlement Class Members who do not exclude themselves and wish to comment on or object to the Settlement or the award of fees and expenses to plaintiffs' counsel must do so in accordance with the terms of this Section VIII and the Preliminary Approval Order.

2.      Settlement Class Members who fail to submit written objections that are both timely and in full compliance with the requirements of this Section will be deemed to have waived their objections to the Settlement and will be foreclosed and barred forever from making any objection (whether by appeal or otherwise) to the Settlement.

3.      The Settlement Class Member must mail a letter that is received no later than the date specified in the Preliminary Approval Order and the comment or objection must contain the following:

      a.  The name and case number of this lawsuit, *LLE One, LLC, et al. v. Facebook, Inc.*, Case No. 4:16-cv-06232-JSW (N.D. Cal.);

b.   The Settlement Class Member's full name, mailing address, email address associated with the Settlement Class Member's advertising account, telephone number, and Facebook advertising account identification number;

c.   If objecting, the Settlement Class Member must state whether the objection applies only to the objector, or to a specific subset of the Class, or to the entire Class;

d.   All reasons for the objection or comment;

e.   A statement identifying the number of class action settlements the Settlement Class Member or their attorney has objected to or commented on in the last five years;

f.   Whether the Settlement Class Member intends to personally appear at the Final Approval Hearing;

g.   The name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member, including any counsel who may be entitled to compensation for any reason related to the objection or comment;

h.   Whether any attorney will appear on the Settlement Class Member's behalf at the Final Approval Hearing, and if so the identity of that attorney; and

i.   The Settlement Class Member's signature.

4.   Any lawyer representing or assisting an objecting Settlement Class Member must: (a) file a notice of appearance with the Court by the date set forth in the Preliminary Approval Order; (b) file a sworn declaration attesting to representation of each Settlement Class Member on whose behalf the lawyer has acted or will be acting; and (c) comply (and ensure their client's compliance) with each of the above requirements.

5.   No Settlement Class Member will be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel), unless their timely objection or comment states their intention to appear at the Final Approval Hearing.


## IX.   ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS

1.   Class Counsel will file with the Court an application for an award of attorneys' fees (not to exceed $12,000,000), reimbursement of litigation expenses (not to exceed $800,000), and class representative service awards (not to exceed $25,000), entailing a total request of no more than $12,825,000.00.

2.   Any award of attorneys' fees and reimbursement of litigation expenses that the Court approves will be paid from the Settlement Amount by means of a wire transfer by the Settlement Administrator to an account that Class Counsel designates one business day after the payment specified in Section V.2 is made.

3.      Attorneys' fees and expenses awarded by the Court shall be allocated among Plaintiffs' Counsel in a manner that, in Class Counsel's opinion, fairly compensates them for their respective contribution to the progress of and results obtained in the Litigation.

4.      Class Counsel will file with the Court an application for approval of service awards to the Plaintiffs who are serving as class representatives in an amount not to exceed $25,000.

5.      The Settlement Administrator will pay any such Court-approved service awards no later than twenty-one (21) days after the Effective Date by mailing via first class United States mail a check in the approved amount payable to the recipient.  The Settlement Administrator will include with each Service Award check a Form 1099 to the extent such form is required.

## X.      MOTION FOR PRELIMINARY APPROVAL

1.      The Parties acknowledge that prompt approval, consummation, and implementation of this Settlement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and information reasonably necessary or appropriate to carry out the terms of this Settlement and the transactions contemplated hereby.

2.      Plaintiffs will file a motion requesting the Court enter a Preliminary Approval Order, which will accomplish the following, among other matters:

a.   Find that the requirements of the Federal Rule of Civil Procedure 23(e)(1) have been satisfied such that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the Settlement Class for purposes of judgment on the proposal;

b.   Find that the procedures set forth in Section VI of this Agreement, including the dissemination of Class Notice, satisfy the requirements of due process and applicable law and procedure, and approve that manner of providing notice to the Settlement Class;

c.   Set a deadline for requesting exclusion from or objecting to the Settlement; and

d.   Set a date and time for the Final Approval Hearing at which the Court will finally determine the fairness, reasonableness, and adequacy of the proposed Settlement.

## XI.      FINAL APPROVAL HEARING AND FINAL APPROVAL ORDER

1.      A Final Approval Hearing will be held on a date approved by the Court no earlier than ninety (90) days after the Settlement Administrator completes serving the notices required by 28 U.S.C. § 1715.  The date, time, and place of the Final Fairness and Approval Hearing will be set forth in the Notice and the Preliminary Approval Order, which will both further note that the date and time are subject to change, and that any change will be noted on the Settlement Website.

2.      Class Counsel shall move, before the Final Approval Hearing, for entry of a Final Approval Order that, among other things, will:

a.  Approve this Agreement without modification (except insofar as agreed upon by the Parties) as fair, reasonable, and adequate to, and in the best interest of, the Settlement Class, and direct its implementation according to its terms;

b.  Find that the form and manner of class notice implemented pursuant to this Agreement (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

c.  Find that all Settlement Class Members except those who have properly excluded themselves will be bound by this Settlement and Agreement, including the release provisions and covenants not to sue;

d.  Direct that judgment be entered immediately dismissing with prejudice all individual and class claims asserted in the Action and ruling that no costs or fees be assessed on any Party beyond the attorneys' fees and expenses provided for in Section IX of this Agreement;

e.  Incorporate the releases and covenants not to sue and forever bar any claims, causes of action, or liabilities by Settlement Class Members that have been released by reason of this Agreement;

f.  Approve the payments provided for in this Agreement to the Settlement Class Members and the Service Awards to Plaintiffs and make any necessary findings with regard to these approvals;

g.  Approve the award of attorneys' fees and reimbursement of litigation costs to be paid to Class Counsel and make any necessary findings with regard to those approvals; and

h.  Retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Agreement.

## XII.   EFFECTIVE DATE AND TERMINATION

1.   This Agreement shall become final and effective on the earliest date on which all of the following events and conditions have occurred or have been met:

a.  Defendant and Class Counsel have executed this Settlement.

b.  No party has timely availed itself of any right provided by this Agreement to terminate this Agreement;

c.  The Court has entered the Judgment, following notice to the Settlement Class and the Fairness Hearing, finally approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action with prejudice as to all Settlement Class Members; and

    d.   The time for appeal or to seek permission to appeal from the Judgment has expired or, if appealed, approval of this Agreement and the Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

2.       Subject to Section XIV.6., if this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason:

    a.   The order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court;

    b.   The Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture on June 11, 2019.  No Party nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Facebook under Rule 23 of the Federal Rules of Civil Procedure.

## XIII.    MUTUAL RELEASE

1.       For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs and each Settlement Class Member, on behalf of themselves, their current, former, and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, fully and forever release, acquit, and discharge the Facebook Released Parties, collectively, separately, individually and severally, from, and covenant not to sue for, any and all claims, demands, rights, liabilities, grievances, damages, remedies, liquidated damages, punitive damages, attorneys' fees, penalties, losses, actions, and causes of action of every nature and description whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, whether in tort, contract, statute, rule, ordinance, order, regulation, common law, public policy, equity, or otherwise, whether class, representative, individual or otherwise in nature, that were alleged or could have been alleged based on the facts alleged in the Action or that arise out of or relate to facts alleged in the Action ("Released Claims").  It is expressly intended and understood by the Parties that this Agreement is to be construed as a complete settlement, accord, and satisfaction of the Released Claims.

2.       With respect to the Released Claims, Plaintiffs and Settlement Class Members will be deemed to have, and by operation of the Final Approval Order will have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, and any other similar provision under federal or state law that purports to limit the scope of a general release.  California Civil Code section 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
THAT THE CREDITOR OR RELEASING PARTY DOES
NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
FAVOR AT THE TIME OF EXECUTING THE RELEASE
AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE
MATERIALLY AFFECTED HIS OR HER SETTLEMENT
WITH THE DEBTOR OR RELEASED PARTY.**

3.      For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Facebook fully and forever releases, acquits, and discharges Plaintiffs and Plaintiffs' Counsel ("Plaintiff Released Parties"), collectively, separately, individually and severally, from, and covenants not to sue for, any and all claims, demands, rights, liabilities, grievances, damages, remedies, liquidated damages, punitive damages, attorneys' fees, penalties, losses, actions, and causes of action of every nature and description whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, whether in tort, contract, statute, rule, ordinance, order, regulation, common law, public policy, equity, or otherwise, whether class, representative, individual or otherwise, including, without limitation, any and all claims relating to the Action (collectively, "Released Facebook Claims").  It is expressly intended and understood by the Parties that this Agreement is to be construed as a complete settlement, accord, and satisfaction of Facebook Released Claims.

4.      With respect to the Released Facebook Claims, Facebook stipulates and agrees that it will be deemed to have, and by operation of the Final Approval Order will have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.  California Civil Code section 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
THAT THE CREDITOR OR RELEASING PARTY DOES
NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
FAVOR AT THE TIME OF EXECUTING THE RELEASE
AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE
MATERIALLY AFFECTED HIS OR HER SETTLEMENT
WITH THE DEBTOR OR RELEASED PARTY.**

## XIV.    MISCELLANEOUS

1.      <u>No admission</u>.  Facebook denies any and all claims alleged in the Action and all wrongdoing whatsoever.  This Agreement is neither a concession nor an admission, and will not be used against Facebook as an admission or indication with respect to any claim of any fault, concession or omission by Facebook.  Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to this Agreement, will in any event be:

    a.  construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Facebook, including, but not limited to, evidence of a presumption, concession, indication or admission by Facebook of any liability, fault, wrongdoing, omission, concession or damage; or

b. disclosed, referred to or offered or received in evidence against Facebook in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to this Agreement or enforcing this Agreement.

2.      <u>Jurisdiction and Choice of Law</u>.  The Parties hereby irrevocably submit to the jurisdiction of the Court for any dispute arising out of or relating to this Agreement, the applicability of this Agreement, or the enforcement of this Agreement.  All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties will be governed by the laws of the State of California applicable to agreements to be wholly performed within the State of California.

3.      <u>Good faith</u>. The Parties, their successors and assigns, and their counsel will cooperate fully with one another and undertake all steps necessary to effectuate the terms and conditions of this Agreement. The Parties agree to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement. The Parties and their respective attorneys will not seek to solicit or otherwise encourage any person to exclude himself or herself from the Settlement Class, object to the Settlement, or appeal from any order or judgment of the Court that is consistent with the terms of this Agreement.

4.      <u>No waivers</u>.  The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

5.      <u>Notice of breach</u>.  If one Party to this Agreement considers the other to be in breach of its obligations under this Agreement, that Party must provide the allegedly breaching Party written notice of the alleged breach and reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

6.      <u>Nullification</u>. As provided in Section XII.2., if (a) the Court does not enter the Preliminary Approval Order or the Final Approval Order, or (b) the Settlement does not become final for any other reason, this Agreement will be null and void and any order or judgment entered by the Court in furtherance of this Settlement will be treated as void *ab initio*.  In such event, the Parties will proceed in all respects as if this Agreement had not been executed, and within five (5) Business Days of such event, the Parties shall cause the Settlement Escrow Fund to be returned to Facebook, less any reasonable Administrative Expenses (including taxes) actually incurred and paid, payable, or due from the Settlement Fund.

7.      <u>Modifications Suggested by the Court</u>. If the Court suggests any modifications to the Agreement or conditions either Preliminary Approval or Final Approval on modifications to the Agreement, the Parties shall, working in good faith and consistent with the Agreement, endeavor to cure any such deficiencies identified by the Court. However, the Parties shall not be obligated to make any additions or modifications to the Agreement that would affect the benefits provided to the Settlement Class Members, or the cost to or burden on Facebook, Plaintiffs, or Plaintiffs' Counsel, or the content or extent of Notices required to Settlement Class Members, or the scope of any of the  releases contemplated in this Agreement. If the Court orders or proposes such additions or modifications, the Parties will each have the right to terminate the Settlement Agreement within seven (7) days from the date of the Court's order or proposal. If either party elects to terminate the Settlement Agreement pursuant to this section, the Agreement will be deemed null and void ab initio and the provisions of XII.2 will apply.

8.      <u>Representations and Warranties</u>.  Class Counsel represents that: (1) they are authorized by the Plaintiffs to enter into this Agreement; (2) they are seeking to protect the interests of the Settlement Class; and (3) they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any Settlement Class Member. Facebook represents and warrants that the individual(s) executing this Agreement are authorized to enter into this Agreement on behalf Facebook.

9.      <u>Own Counsel</u>.  Each Party acknowledges that it has been represented by attorneys of its own choice throughout all of the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement.

10.      <u>Mistake.</u>  In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law. If the Parties, or any of them, should later discover that any fact they relied upon in entering into this Agreement is not true, or that their understanding of the facts or law was incorrect, the Parties shall not be entitled to seek rescission of this Agreement, or otherwise attack the validity of the Agreement, based on any such mistake. This Agreement is intended to be final and binding upon the Parties regardless of any mistake of fact or law.

11.      <u>Notice</u>.  All notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement (other than notice of settlement to Settlement Class Members) will be in writing and will be delivered by email and/ or by next-day express mail (excluding Saturday, Sunday, and federal holidays):

If to Class Counsel then:

> Eric H. Gibbs
> Gibbs Law Group LLP
> 505 14th Street, Suite 1110
> Oakland, CA 94612

If to Facebook then:

> David J. Silbert
> Keker, Van Nest & Peters LLP
> 633 Battery Street
> San Francisco, CA 94111-1809

12.      <u>Exhibits</u>. The exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement.  Any notice, order, judgment, or other exhibit that requires approval of the Court must be approved without material alteration from its current form in order for this Agreement to become effective.

13.      <u>Entire Agreement</u>. This Agreement represents the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior oral and written agreements and discussions.  Each Party covenants that it has not entered in this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein. Each Party further covenants that the consideration recited herein is the only

consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person. This Agreement may be amended only by an agreement in writing duly executed by all Parties, provided, however, that after entry of the Final Approval Order, the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and do not limit the rights of Settlement Class Members under this Agreement.

14.     Drafting. Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same will not be construed against any Party as drafter of this Agreement.

15.     Counterparts. This Agreement may be executed with an electronic or facsimile signature and in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

16.     Headings. The headings contained in this Agreement are for reference only and are not to be construed in any way as a part of the Agreement.

17.     Binding Effect. This Agreement is binding upon and will inure to the benefit of the Parties and their respective heirs, assigns and successors-in-interest.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Settlement Class Members and through Class Counsel, and Facebook, by itself or its duly authorized representatives and through counsel, have executed this Agreement as of the dates set forth below.

**FOR PLAINTIFFS:**

Dated: October 4, 2019              Gibbs Law Group LLP

                                    By_____
                                            Eric H. Gibbs

Dated: October 4, 2019              Cohen Milstein Sellers Toll PLLC

                                    By_____
                                            Andrew N. Friedman

18

consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person. This Agreement may be amended only by an agreement in writing duly executed by all Parties, provided, however, that after entry of the Final Approval Order, the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and do not limit the rights of Settlement Class Members under this Agreement.

14.     <u>Drafting</u>. Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same will not be construed against any Party as drafter of this Agreement.

15.     <u>Counterparts</u>. This Agreement may be executed with an electronic or facsimile signature and in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

16.     <u>Headings</u>. The headings contained in this Agreement are for reference only and are not to be construed in any way as a part of the Agreement.

17.     <u>Binding Effect</u>. This Agreement is binding upon and will inure to the benefit of the Parties and their respective heirs, assigns and successors-in-interest.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Settlement Class Members and through Class Counsel, and Facebook, by itself or its duly authorized representatives and through counsel, have executed this Agreement as of the dates set forth below.

**<u>FOR PLAINTIFFS:</u>**

Dated: October 4, 2019                    Gibbs Law Group LLP

By_____
            Eric H. Gibbs

Dated: October 4, 2019                    Cohen Milstein Sellers Toll PLLC

By_____
            Andrew N. Friedman

Dated:  October 4, 2019                     Eglet Adams

By_____
                                Robert T. Eglet

Dated:  October 4, 2019                     LLE ONE, LLC

By_____
                                Todd Levy

Dated:  October 4, 2019                     By_____
                                Jonathan Murdough

**FOR DEFENDANT**

Dated:  October 4, 2019                     Keker Van Nest & Peters LLP

By_____
                                David J. Silbert

Dated:  October 4, 2019                     Facebook, Inc.

By_____
                                Ian Chen

19

Dated:  October 4, 2019                Eglet Adams


By_____
              Robert T. Eglet


Dated:  October 4, 2019                LLE ONE, LLC


By_____
              Todd Levy


Dated:  October 4, 2019                By_____
              Jonathan Murdough

**FOR DEFENDANT**

Dated:  October 4, 2019                Keker Van Nest & Peters LLP


By_____
              David J. Silbert


Dated:  October 4, 2019                Facebook, Inc.


By_____
              Ian Chen

# EXHIBIT A-1

*LLE One, LLC, et al. v. Facebook, Inc.*
Case No. 4:16-cv-06232-JSW

### LEGAL NOTICE

**Are you a U.S. person or entity who had an account with Facebook, Inc., and bought video advertising on a Facebook-owned platform between February 12, 2015, and September 23, 2016? If so, you could get a payment from a $40 million class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**FACEBOOK VIDEO AD SETTLEMENT**
**c/o A.B. DATA, LTD.**
**PO BOX XXXXXX**
**MILWAUKEE, WI 53217**

Postal Service: Please Do Not Mark or Cover Barcode

NOTICE NUMBER «NoticeID»

[NAME1]
[ADDR1]
[CITY] [ST] [ZIP]
[COUNTRY]

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
MILWAUKEE, WI
PERMIT NO. 3780

MAILING CLEARANCE 4.75 x .625

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**What is the lawsuit about?** Plaintiffs allege an error led Facebook to incorrectly calculate two metrics about how long, on average, users watched Facebook video ads, impacting how much advertisers spent. Facebook acknowledges it incorrectly calculated the metrics but denies the metrics impacted spending and otherwise denies the lawsuit's allegations.

**What are the settlement benefits?** Facebook will pay $40 million to resolve the suit; an estimated $26 million will be paid to class members. Your recovery will depend upon how much you spent on Facebook video ads during the class period. Payments will be sent automatically. If you spent $500,000 or more, you will be mailed a check; more than $15, you will be emailed a digital debit card; $15 or less, you'll receive an account credit, and if your account is inactive, you will receive a digital debit card.

**What are your other options?** If you want to sue Facebook, you must exclude yourself to preserve your rights. If you're a Class Member, you can ask the Court to deny approval by filing an objection, however the Court cannot change the terms of the Settlement. The deadline to exclude from or object to the Settlement is [date]. www.xxxxxx.com.

**Fairness Hearing:** The Court will hold a hearing on [month], [day], [year] to consider approving the settlement and a request by the class's attorneys for attorneys' fees (up to $12 million), cost reimbursements (up to $800,000), and service awards (up to $25,000) to the class representatives. You may ask to appear at the hearing, but you don't have to.

**How do I get more information?** This notice summarizes the proposed Settlement. For the precise terms, please see the long-form notice and settlement agreement, available at www.xxxxxxx.com, by contacting Class Counsel at [phone number], by accessing the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

QUESTIONS? VISIT WWW.XXXXXXX.COM OR CALL (800) XXX-XXXX. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT

# EXHIBIT A-2

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you bought video advertising on a Facebook-owned platform, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Facebook, Inc., has agreed to pay $40 million to resolve a class action lawsuit brought on behalf of U.S. advertisers who bought video advertising on a Facebook-owned platform between February 12, 2015, and September 23, 2016.

- The settlement resolves a lawsuit over whether Facebook acted unlawfully by overstating how long its users watched video advertisements during the class period. The settlement avoids costs and risks to you from continuing the lawsuit; pays money to purchasers of video advertising like you; and releases Facebook, Inc., from liability.

- The attorneys representing all Class Members will file a request for attorneys' fees (up to $12 million), cost reimbursements (up to $800,000), and service awards (up to $25,000 in total) to the Class Representatives for investigating the facts, litigating the case, and negotiating the Settlement. If these fees, costs, and service awards are granted and after settlement administration expenses are paid, an estimated $26 million will remain to be paid to Class Members.

- The two sides disagree on how much money could have been won if purchasers of Facebook video advertising won a trial. Plaintiffs estimate that the most the Class might recover at a trial is $100-$200 million. That best-case scenario assumes Plaintiffs win class certification, survive summary judgment, overcome challenges to their experts and damages models, then win at trial, and win any post-trial appeals, all of which is difficult, expensive, and would likely take several more years. On top of that, a jury could find for the Plaintiffs but award less money than Plaintiffs request, including minimal or no damages. For its part, Facebook believes that even if Plaintiffs had succeeded at trial, the alleged unlawful conduct did not cause any damages and so the Class would recover nothing.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Facebook, Inc., about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |

| **DO NOTHING** | Get a payment. Give up rights. |
|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ...................................................... **PAGE 4**
1. Why did I get this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**................................... **PAGE 5**
5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET**................................... **PAGE 5**
8. What does the settlement provide?
9. How much will my payment be?

**HOW YOU GET A PAYMENT** ...................................................... **PAGE 6**
10. How can I get a payment?
11. When would I get my payment?
12. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**................................... **PAGE 8**
13. How do I get out of the settlement?
14. If I don't exclude myself, can I sue Facebook for the same thing later?
15. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU**................................... **PAGE 8**
16. Do I have a lawyer in the case?
17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**................................... **PAGE 9**
18. How do I tell the Court that I don't like the settlement?
19. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**................................... **PAGE 10**
20. When and where will the Court decide whether to approve the settlement?
21. Do I have to come to the hearing?
22. May I speak at the hearing?

**IF YOU DO NOTHING**................................... **PAGE 11**
23. What happens if I do nothing at all?

**GETTING MORE INFORMATION**................................... **PAGE 12**
24. Are there more details about the settlement?
25. How do I get more information?

# BASIC INFORMATION

## 1. Why did I get this notice package?

You may have had an account with Facebook, Inc., and paid for placement of video advertising on a Facebook-owned platform between February 12, 2015, and September 23, 2016.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement at www._____.com.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *LLE One, LLC, et al., v. Facebook, Inc.,* Case No. 4:16-cv-06232-JSW. The companies and people who sued are called Plaintiffs, and the company they sued, Facebook, Inc., is called the Defendant.

## 2. What is this lawsuit about?

The lawsuit alleges that an error led Facebook to incorrectly calculate two metrics concerning how long, on average, users were watching Facebook video advertisements. The two metrics were average duration of video viewed and average percentage of video viewed. The lawsuit alleges that the error impacted how much video advertisers spent on Facebook advertising. Facebook acknowledges that it incorrectly calculated the two metrics for a limited period but denies that the metrics impacted advertiser spending and otherwise denies the lawsuit's allegations.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, LLE One, LLC, and Jonathan Murdough) sue on behalf of companies and people who have similar claims. All these companies and people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Jeffrey S. White is in charge of this class action.

## 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the multi-year delay, risk, and cost of further litigation and a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

4

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

### 5. How do I know if I am part of the settlement?

You are a member of the class if you are a **U.S. persons or entity who, from February 12, 2015, to September 23, 2016, had an account with Facebook, Inc. and paid for placement of video advertisements on a Facebook-owned platform**.

### 6. Are there exceptions to being included?

You are not a Class Member if you are Facebook, Inc., an entity in which Facebook has a controlling interest, are one of Facebook's officers, directors, legal representatives, successors, subsidiaries, or assigns, or you are a judge to whom this case is assigned, the judge's spouse, or have a third degree of relationship to the judge or his spouse, or are the spouse of someone with a third degree of relationship.

If you paid for video advertising on a Facebook-owned platform, that alone does not make you a Class Member. You are a Class Member only if you had an account with Facebook, Inc., and also paid for Facebook video advertising between February 12, 2015, and September 23, 2016. You also must be a U.S. person or entity to be a Class Member.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-8xx-xxx- xxx or visit www._____.com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What does the settlement provide?

Facebook, Inc., has agreed to create a fund of $40,000,000. After attorneys' fees, costs, service awards, and settlement administration expenses are deducted, an estimated $26,000,000 will be divided among Class Members.

### 9. How much will my payment be?

Your share of the fund will depend on how much money you spent on video advertising on a Facebook-owned platform between February 12, 2015, and September 23, 2016. The chart below provides an estimate of Class Members' recoveries if $26,000,000 is divided among Class Members:

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |

| Amount spent on video advertising from 2/12/2015 to 9/23/2016 | Maximum damages-recovery at trial (Plaintiffs' estimate)[1] | | Alternative damages-recovery at trial (Facebook's estimate) | Estimated Settlement Payment[2] |
|---|---|---|---|---|
| $250,000.00 | $6,375.00 | to   $12,750.00 | $0.00 | $1,675.00 |
| $150,000.00 | $3,825.00 | to   $7,650.00 | $0.00 | $1,005.00 |
| $75,000.00 | $1,912.50 | to   $3,825.00 | $0.00 | $502.50 |
| $50,000.00 | $1,275.00 | to   $2,550.00 | $0.00 | $335.00 |
| $25,000.00 | $637.50 | to   $1,275.00 | $0.00 | $167.50 |
| $10,000.00 | $255.00 | to   $510.00 | $0.00 | $67.00 |
| $5,000.00 | $127.50 | to   $255.00 | $0.00 | $33.50 |
| $1,000.00 | $25.50 | to   $51.00 | $0.00 | $6.70 |
| $500.00 | $12.75 | to   $25.50 | $0.00 | $3.35 |
| $100.00 | $2.55 | to   $5.10 | $0.00 | $0.67 |

In short, those who bought more video advertising on a Facebook-owned platform during the class period will get more settlement money; those who spent fewer dollars on advertising during the class period will get less. All of the settlement fund that remains after attorneys' fees expenses, costs, service awards, and settlement administration expenses are paid will be distributed to Class Members.

## HOW YOU GET A PAYMENT

### 10. How can I get a payment?

You do not need to do anything to receive your share of the settlement. Your money will be sent to you automatically if the Court approves the settlement, unless you exclude yourself from the settlement.

The form of payment you receive will depend on how much you spent on video advertising during the class period.

- **Class Members who spent more than $500,000 on video advertising during the Class Period[3] will be mailed a check.[4]**

---

[1] The ranges in this column presume Plaintiffs would win either the high or low end of the amount of money they ask for at trial. While Plaintiffs believe they have a strong case, before even getting to trial, they would have to first win class certification, then win summary judgment, then overcome challenges to their experts and damages models, then win at trial, then win the post-trial appeal, all of which is difficult, expensive, and will take several more years. On top of that, a jury could find for the Plaintiffs at trial but award less money than Plaintiffs request, including minimal or no damages. In other words, there can be little doubt that Facebook's defenses present the possibility that the Class would recover nothing if the case persisted, or at least far less than what Plaintiffs were seeking.

[2] This is an estimate. The final payout will depend upon what the Court ultimately awards in attorneys fees, costs, incentive awards as well as settlement administration expenses and the number of class members that opt-out.

[3] February 12, 2015 through September 23, 2016.

[4] A check will be mailed to the most recent address Facebook has on file. If you would like to update your mailing address, you can do so at the website [INSERT HERE].

- o   If you have an active Facebook advertiser account, you can opt to receive an account credit instead.[5]

- **Class Members who spent more than $15 and but less than $500,000 on video advertising during the Class Period will be emailed a digital MasterCard (which can be used as a debit card anywhere MasterCard is accepted).**

  - o   If you have an active Facebook advertiser account, you can opt to receive a credit to your account or a check instead.[6]

- **Class Members who spent less than or equal to $15 on video advertising during the Class Period will receive their money as follows:**

  - o   If you maintain an active Facebook advertiser account, you will receive a credit to your account.[7] If you prefer, you can opt to receive a digital MasterCard instead.

  - o   If your Facebook advertiser account is no longer active, you will receive a digital MasterCard.

If you would like to change your payment method to something different from the default (*e.g.*, from an account credit to a digital MasterCard), if you are not sure Facebook has your correct mailing or email address, or if you are not sure whether your Facebook account is active or inactive, please visit www._____.com for instructions on how to update or view this information.

Again, you do not need to do anything to receive your money. It will be sent automatically if the Court approves the settlement.

## 11. When would I get my payment?

The Court will hold a hearing on [date], to decide whether to approve the settlement. If Judge White approves the settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Class Members will be informed of the progress of the settlement at www._____.com. Please be patient.

## 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Facebook about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself, you will agree to the "Mutual Release," in Section XIII of the Settlement Agreement, available at www._____.com, which describes exactly the legal claims that you give up if you get settlement benefits.

---

[5] The Facebook credits expire one year from issuance.
[6] The option to receive payment in the form of a check will be available only to those who are entitled to $25 or more in payment.
[7] The Facebook credits expire one year from issuance.

7

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Facebook, Inc., on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class.

### 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *LLE One, LLC, et al., v. Facebook, Inc. (Case No. 4:16-cv-06232-JSW) (N.D. Cal.)* Be sure to include your name, mailing address, email address, Facebook advertiser account identification number, and your signature. You must mail your exclusion request postmarked no later than [date] to:

Facebook Exclusions
[address line 1]
[address line 2]

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Facebook in the future.

### 14. If I don't exclude myself, can I sue Facebook for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Facebook for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is [date].

### 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Facebook.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

Class counsel in this case are Cohen Milstein Sellers & Toll PLLC (https://www.cohenmilstein.com), in Washington, D.C., Eglet Adams (www.egletlaw.com), in Las Vegas, NV, and Gibbs Law Group LLP (www.classlawgroup.com), in Oakland, CA, You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

8

## 17. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $12 million for attorneys' fees and reimbursement of up to $800,000 in the litigation expenses they incurred over the past three years. The attorney's fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. They will also request payments of up to $15,000 to Plaintiff LLE One, LLC and up to $10,000 to Jonathan Murdough for their services as Class Representatives. The Court may award less than these amounts. These amounts have already been accounted for in projecting the approximately $26 million available for Class Members.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

## 18. How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*LLE One, LLC, et al., v. Facebook, Inc.*, Case No. 4:16-cv-06232-JSW), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Suite 400 S, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [date].

Be sure to include your name, mailing address, telephone number, email address, Facebook advertiser account identification number, your signature, the reasons you object to the settlement, whether you are objecting on behalf of only yourself, the settlement Class, or a subset of the settlement Class, a disclosure of the number of class action settlements you have objected to in the last 5 years (and if you have an attorney, the same disclosure for your attorney), whether you (or your attorney) intend to appear at the final approval hearing, and the name and contact information of any and all attorneys representing, advising, or assisting you, including all individuals who may be entitled to compensation for any reason related to the objection or comment.

**19. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**20. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at [time] on [day of the week, date], at the Ronald V. Dellums Federal Building and U.S. Courthouse, 1301 Clay Street, Oakland, California 94612, in Courtroom 5 on the 2nd Floor. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge White will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and the Class Representatives. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

The court may reschedule the fairness hearing or change any of the deadlines described in this notice. The date of the fairness hearing may change without further notice to Class Members. Be sure to check the settlement website, www._____.com, for news of any such changes. You can also check whether the hearing date or any deadlines have changed by accessing the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

**21. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge White may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**22. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must indicate your desire to speak at the hearing in your objection letter (see section 18 above). You cannot speak at the hearing if you excluded yourself.

## If You Do Nothing

| **23. What happens if I do nothing at all?** |
|---|

If you do nothing, you'll receive a settlement payment as described above, as long as the Court approves the settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Facebook about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| **24. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in the Settlement Agreement available at www._____.com or by contacting the settlement administrator at email@email.com or call 8xx-xxx-xxxx.

| **25. How do I get more information?** |
|---|

You can email the settlement administrator at email@email.com or call 1-8xx-xxx-xxxx toll free; or visit the website at www._____.com, where you will find answers to common questions about the settlement, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

All the case documents that have been filed publicly in this case are also available online through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. This case is called *LLE One, LLC, et al. v. Facebook, Inc.*, and the case number is 4:16-cv-06232-JSW (N.D. Cal.). You may also obtain case documents by visiting the office of the Clerk of Court for the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Suite 400 S, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, except court-observed holidays. More information about the clerk's office hours and other locations can be found at https://www.cand.uscourts.gov/locations.

You can also contact Class Counsel for them to answer questions.

| CLASS COUNSEL |
|---|

| | | |
|---|---|---|
| Andrew N. Friedman | Robert T. Eglet | Eric H. Gibbs |
| COHEN MILSTEIN | EGLET ADAMS | GIBBS LAW GROUP LLP |
| SELLERS & TOLL PLLC | 400 South Seventh Street, | 505 14th Street, Suite 1110 |
| 1100 New York Ave. NW, | Suite 400 | Oakland, CA 94612 |
| Fifth Floor | Las Vegas, NV 89101 | Telephone: (510) 350-9700 |
| Washington, DC 20005 | Telephone: (702) 450-5400 | Facsimile: (510) 350-9701 |
| Telephone: (202) 408-4600 | Facsimile: (702) 450-5451 | ehg@classlawgroup.com |
| Facsimile: (202) 408-4699 | eservice@egletlaw.com | |
| afriedman@cohenmilstein.com | | |

11

This notice only summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www._____.com, by contacting Class Counsel using the contact information above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Suite 400 S, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**