UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| LLE ONE, LLC, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>        Defendant. | Case No.: 4:16-cv-06232-JSW<br><br>**[PROPOSED]** ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT<br><br>Date:    November 8, 2019<br>Time:   9:00 am<br>Dept:    Courtroom 5, 2nd Floor<br>Judge:  Jeffrey S. White |

The parties to this litigation have entered into a Settlement Agreement, which if approved, would resolve this putative class action. Plaintiffs LLE ONE, LLC, d/b/a Crowd Siren and d/b/a Social Media Models, and Jonathan Murdough have filed a motion to preliminarily approve the Settlement and direct notice of the proposed class action settlement. Defendant Facebook, Inc., supports approval of the settlement. The Court has read and considered the Settlement Agreement and all exhibits thereto, including the proposed notices; has reviewed the relevant briefing and determined that Plaintiffs have complied with the Northern District's Procedural Guidance for Class Action Settlements and provided the Court sufficient information to decide whether the settlement should be granted preliminary approval; and concludes that it is appropriate to direct notice in a reasonable manner to all Class members who would be bound by the proposal, since the parties' showing establishes that the Court will likely be able to (i) approve the proposal under Rule 23(e)(2), and (ii) certify the class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B).

The Court now GRANTS the pending motion and makes the following findings and orders:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

## LIKELY APPROVAL OF THE PROPOSED SETTLEMENT

2. The Court has reviewed the terms of the Settlement Agreement, the exhibits thereto, Plaintiffs' motion papers, the declarations of counsel, and all argument made.

3. The Settlement Agreement is the product of nearly 3 years of litigation, including 4 rounds of motions to dismiss briefing, 8 joint letter briefs concerning discovery disputes, the production of nearly 500,000 pages of documents, and 11 depositions taken by Plaintiffs. Plaintiffs were also prepared to file their motion to certify a litigation class, the need for which was obviated by the parties' agreeing to a settlement two days prior to the deadline.

4. Based on its review, the Court finds that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement: (a) results from efforts by Class Representatives and

1
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO. 4:16-cv-06232-JSW

Class Counsel who adequately represented the class; (b) was negotiated at arm's length with the assistance of former United States District Judge Vaughn R. Walker; (c) provides relief for the class that is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class; and (iii) the terms of the proposed award of attorney's fees, costs, and service awards, including timing of payment; and (d) treats Class Members equitably relative to each other.

### LIKELY CERTIFICATION OF CLASS

5. The Court further finds that the Court will likely be able to certify the Class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Court preliminarily certifies the following Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All U.S. persons or entities who, from February 12, 2015, to September 23, 2016, had an account with Facebook, Inc., and who paid for placement of video advertisements on a Facebook-owned platform.[1]

6. The Court finds that this action is likely to be certified as a class action, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Class certified herein numbers at least in the hundreds of thousands of persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) Plaintiffs and Class Counsel are adequate representatives of the Class. Defendant retains all rights to assert that the action may not be certified as a class action, other than for settlement purposes. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be

---

[1] Excluded from the Class are Facebook; any entity in which Facebook has a controlling interest; Facebook's officers, directors, legal representatives, successors, subsidiaries, and assigns; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

7. Pursuant to Rule 23(g), the Court appoints Cohen Milstein Sellers & Toll PLLC, Eglet Adams, and Gibbs Law Group LLP to serve as Class Counsel for the Class.

### NOTICE AND ADMINISTRATION

8. The Court directs the Settlement Administrator to fulfill its notice duties and responsibilities specified in this Order and the Settlement Agreement.

9. The Court finds that the provisions for notice to the Class set forth in the Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice is reasonably calculated to apprise Class Members of the nature of this litigation; the scope of the Class, the Class claims, issues, or defenses; the terms of the Settlement Agreement; the right of Class Members to appear, object to the Settlement Agreement, and exclude themselves from the Settlement Class and the process for doing so; of the Final Approval Hearing; and of the binding effect of a class judgment on the Class. The Court therefore approves the proposed methods of providing notice and directs AB Data to proceed with providing notice to Class Members, pursuant to the terms of the Settlement Agreement and this Order.

10. No later than November 27, 2019 [~~21 days after the of entry of this Order~~] (the "Notice Date"), AB Data shall substantially complete its notice obligations consistent with the specifications of the Settlement Agreement, including by disseminating notice to all reasonably identifiable Class members by U.S. Mail, email, and through publication of the dedicated settlement website.

11. No later than ten days before the hearing on final approval of this settlement, AB Data shall provide an affidavit for the Court, attesting that notice was disseminated in a manner consistent with the Settlement Agreement, including its exhibits.

**OBJECTIONS AND EXCLUSIONS**

12. Class Members who wish to opt-out and exclude themselves from the Class may do so by submitting such request in writing consistent with the specification listed in the Class Notice no later than January 27, 2020 [80 days after the of entry of this Order].

13. To be valid, each request for exclusion must:
    a. State the person or entity's full name, current address, and email address associated with the Settlement Class Member's Facebook advertising account, and the Settlement Class Member's Facebook advertising account identification number; and
    b. Specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Settlement Class.

14. AB Data shall report the names of all Class members who have submitted a request for exclusion to the parties on a weekly basis, beginning 30 days after the Notice Date.

15. All Class members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Any Class member who wishes to object to the Settlement must, no later than January 27, 2020 [80 days after the of entry of this Order], and must submit a written notice of objection to the address listed in the Class Notice.

17. The written objection must contain the following:
    a. The name and case number of this lawsuit, *LLE One, LLC, et al. v. Facebook, Inc.*, Case No. 4:16-cv-06232-JSW (N.D. Cal.);
    b. The Settlement Class Member's full name, mailing address, telephone number, email address associated with the Settlement Class Member's advertising account, and the Settlement Class Member's Facebook advertising account identification number;
    c. If objecting, the Settlement Class Member must state whether the objection applies only to the objector, or to a specific subset of the Class, or to the entire Class;
    d. All reasons for the objection or comment;

  e. A statement identifying the number of class action settlements the Settlement Class Member or their attorney has objected to or commented on in the last five years;

  f. Whether the Settlement Class Member intends to personally appear at the Final Approval Hearing;

  g. The name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member, including any counsel who may be entitled to compensation for any reason related to the objection or comment;

  h. Whether any attorney will appear on the Settlement Class Member's behalf at the Final Approval Hearing, and if so the identity of that attorney; and

  i. The Settlement Class Member's signature.

18. Lawyers asserting objections on behalf of Class members must: (a) file a notice of appearance with the Court by January 27, 2020 [~~80 days after the of entry of this Order~~]; (b) file a sworn declaration attesting to representation of each Settlement Class Member on whose behalf the lawyer has acted or will be acting; and (c) comply (and ensure their client's compliance) with the procedures described in the Settlement Agreement.

19. If the objecting Class member intends to appear, in person or by counsel, at the final approval hearing, the objecting Class member must so state in the objection. Any Class member who does not state his or her intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the settlement and will be barred from speaking or otherwise presenting any views at the final approval hearing.

20. The filing of an objection allows Class Counsel or counsel for Facebook to notice such objecting person for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be

heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

21. These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class member's objection to the settlement, in accordance with the due process rights of all Class members.

### FINAL APPROVAL HEARING AND SCHEDULE

22. The Court will hold a hearing on entry of final approval of the settlement, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives at 9:00 a.m. on Friday, March 13, 2020 [~~approximately 125 days after entry of this Order~~], in Courtroom 5 of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612. At the final approval hearing, the Court will consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Class, and judgment entered on the terms stated in the settlement; and (b) whether Plaintiffs' application for an award of attorney fees and expenses to Class Counsel and service awards to Class Representatives ("Fee Application") should be granted.

23. Plaintiffs shall move for final settlement approval and approval of attorney's fees, litigation expense reimbursements, and class representative service awards no later than December 30, 2019 [~~50 days after the of entry of this Order~~]. To the extent Plaintiffs file an omnibus motion seeking both final approval and attorney's fees, they shall have leave to exceed the page limits set by local rule and this Court's standing order, but their motion shall not exceed 50 pages in length. No later than February 24, 2020 [~~110 days after the of entry of this Order~~], Plaintiffs may file reply papers, if any.

24. The Court reserves the right to adjust the date of the final approval hearing and related deadlines. In that event, the revised hearing date or deadlines shall be posted on the settlement website referred to in the Class Notice, and the parties shall not be required to re-send or republish notice to the Class.

IT IS SO ORDERED.

Dated: November 6, 2019

_____
HON. JEFFREY S. WHITE
U.S. DISTRICT COURT JUDGE