**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| LLE ONE, LLC, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>FACEBOOK, INC.,<br><br>              Defendant. | Case No.: 4:16-cv-06232-JSW<br><br>**[PROPOSED] ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>Date:   March 20, 2020<br>Time:  9:00 a.m.<br>Dept:  Courtroom 5, 2nd Floor<br>Judge: Jeffrey S. White |

Plaintiffs' Motion for Final Settlement Approval and Award of Attorney's Fees, Litigation Costs, and Service Awards came before the Court for hearing on March 20, 2020, pursuant to the Court's Order Granting Preliminary Approval dated February 25, 2019 (ECF No. 200) and the Order to Extend Deadlines and Re-set Hearing Date dated November 22, 2019 (ECF No. 202). Having considered the parties' Settlement Agreement, and all papers filed and proceedings had herein,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has subject matter jurisdiction over this action.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the parties' Settlement Agreement.

3. The Court finds, following a rigorous analysis and for purposes of settlement only, that the following settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23:

> *All U.S. persons or entities who, from February 12, 2015, to September 23, 2016, had an account with Facebook, Inc., and who paid for placement of video advertisements on a Facebook-owned platform.*[1]

    (a) The Class certified herein numbers over one million advertisers, and joinder of all such persons would be impracticable;

    (b) There are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class member, including: whether Facebook was obligated to provide reasonably accurate metrics; whether Facebook's average watch time metrics were erroneous; whether that error had the effect of inflating the metrics; and whether Facebook resolved the error promptly after discovering it;

---

[1] Excluded from the Class are Facebook; any entity in which Facebook has a controlling interest; Facebook's officers, directors, legal representatives, successors, subsidiaries, and assigns; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

1

[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. 4:16-cv-06232-JSW

(c) Plaintiffs' claims are typical of the claims of the Class they seek to represent for purposes of settlement, as they each bought video advertising from Facebook that was subject to the allegedly inflated metrics;

(d) Plaintiffs and Class Counsel are adequate representatives of the Class: neither Plaintiffs nor their counsel have any conflicts of interest with absent class members, and as shown by their demonstrated commitment to the Class over the last three years, Plaintiffs and Class Counsel have prosecuted this action vigorously for the benefit of the Class and will continue to do so; and

(e) Class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy, as the cost of litigating this action on an individual basis would be far greater than the individual recovery sought.

4.  The Court finds that notice has been disseminated to the Class in compliance with the Court's Order Granting Preliminary Approval. The Court further finds that the notice given was the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise Class members of the pendency of the action, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; constituted due, adequate, and sufficient notice to all persons entitled to receive notice; fully satisfied due process; and met the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that notice provisions of 28 U.S.C. § 1715 were complied with in this case.

5.  No Class member has objected to the Settlement.[2]

6.  The Court finds that the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2), is in the best interests of the Class, and should be and hereby is fully and finally approved. *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement:

(a) Results from efforts by Class Representatives and Class Counsel who have adequately represented the Class for over three years;

---

[2] Plaintiffs will submit a revised proposed order following the passage of the deadline for objections and requests for exclusion with details concerning any Class member objections received and identifying all Class members who opted out of the settlement class.

(b) Was negotiated at arm's length with the assistance of former United States District Judge Vaughn R. Walker;

(c) Provides relief for the Class that is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the Class; (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and

(d) The Settlement treats Class members equitably relative to each other.

7. The Court finds the attorneys' fee requested by Class Counsel to be fair and reasonable. Because the Class's claims arise under California law, California law governs Class Counsel's entitlement to fees and the method for calculating them. *Walsh v. Kindred Healthcare*, No. 11-cv-00050, 2013 WL 6623224, at *1 (N.D. Cal. Dec. 16, 2013) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)). The attorneys' fees here constitute 30% of the settlement fund; that percentage is consistent with the percentage of attorneys' fees typically awarded under California law and is particularly appropriate here in light of (1) the potential value of the litigation and the results obtained on behalf of the class; (2) the litigation risks involved; (3) the contingent nature of the representation; and (4) the novelty and difficulty of the issues presented together with the skill shown by counsel. *Laffitte v. Robert Half Internat. Inc.*, 1 Cal. 5th 480, 488 (2016); *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 42–43 (2000). Ninth Circuit attorneys' fee jurisprudence also supports Class Counsel's requested fee. *Willner v. Manpower Inc.*, No. 11-cv-02846, 2015 WL 3863625, at *5 (N.D. Cal. June 22, 2015) ("Ninth Circuit's 25% benchmark for calculating fees using the percentage-of-recovery method does not apply here, [but] the factors courts in this circuit evaluate in considering whether to adjust the presumptive award are also relevant evaluating the reasonableness of a requested attorneys' fee award."). Given the results achieved, the risk undertaken by Class Counsel in pursuing the case, the market rate for similar service, and fees awarded in comparable cases, Class Counsel's requested fee is reasonable. *See Vizcaino*, 290 F.3d at 1048-50. Although a lodestar cross-check is not required under California law, the cross-check further supports the requested fee: Based on its review of the evidence submitted by Class Counsel, the Court finds that Class Counsel reasonably spent 11,762.05 hours

representing the Class's interests through this litigation, that Class Counsel's hourly rates are reasonable and in line with the prevailing rates in the community for complex class action litigation, and that Class Counsel's lodestar in this matter therefore equals $7,147,599. California law supports the application of a multiplier to compensate Class Counsel for, among other things, the contingency risk undertaken in the litigation. Here, the requested fee entails a multiplier of 1.68, which is well within the range of multipliers awarded in such cases and is reasonable here, further supporting the requested fee. *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001). Accordingly, the Court grants Class Counsel's request for an attorneys' fee of $12,000,000 to be paid from the Settlement Amount. (Settlement Agreement, Sec. IX.2.)

8. The Court further finds that Class Counsel reasonably expended $737,909.61 in costs to prosecute the litigation on behalf of the Plaintiffs and the Class. Reimbursement of counsel's out-of-pocket costs is appropriate under California law. *Lealao*, 82 Cal. App. 4th at 27. Accordingly, the Court grants the request to reimburse Class Counsel's costs in the amount of $737,909.61 to be paid from the Settlement Amount. (Settlement Agreement, Sec. IX.2.)

9. The Court further finds the requested service awards are fair and reasonable, given the time and effort expended and risk undertaken by the Class Representatives on behalf of the Class. The Court awards Plaintiff LLE One, LLC a service award of $15,000, and Plaintiff Jonathan Murdough a service award of $10,000, to be paid from the Settlement Amount. (*Id.*, Sec. IX.4.)

10. Other than as expressly provided for in this Order, no other costs or fees shall be assessed on any party to this action.

11. The Release set forth in the Settlement Agreement, in Section XIII, is incorporated herein and, as of the Effective Date and by operation of this Order, is binding and effective on all Class members who have not properly excluded themselves from the Class. The Settlement Agreement, including the full Release in Section XIII, can be found on the Court's publicly available docket at ECF No. 198-2.

12. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that,

upon entry, it be deemed a final judgment. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and the settlement; and (c) the parties and the Class members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

IT IS SO ORDERED.

Dated: _____         _____
                                        HON. JEFFREY S. WHITE
                                        U.S. DISTRICT COURT JUDGE